THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v*. LARRY LEE ADAMS, Defendant-Appellee.

(No. 12631; ■■■■■■)

Fourth District—March 20, 1975.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, Victor D. Stibolt and James E. Tueth, Law Students, of counsel), for the People.

Richard J. Wilson and Thomas Nelson, both of the State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On November 5, 1971, an information was filed charging the defendant with theft of property exceeding $150 in value by deception in violation of section 16—1(b) of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, ¶ 16—1(b).) On January 10, 1974, an indictment was returned. The one-count indictment charged that between September 17, 1971, and September 22, 1971, the defendant committed the offense of theft of property exceeding $150 in value in violation of the foregoing statutory provision "* * * in that he knowingly made checks drawn on The First National Bank of Decatur, Decatur, Illinois, and delivered them to various corporations in the City of Decatur, in return for which he received United States currency and certain merchandise belonging to said corporations, knowing said checks would not be paid by said depository because of either insufficient funds, or no account, said checks having been written in furtherance of a single intention and design and with the intent to permanently deprive said owners of the use and benefit of said property, to-wit: he made and delivered checks to the following businesses in return for United States currency and merchandise: Muirheid Men's Shop, Inc., a corporation; F. W. Woolworth & Co., a corporation; Goldblatt Bros., Inc., a corporation; S.S. Kresge Company, d/b/a K-Mart; Montgomery Ward and Co., Inc., a corporation; J. C. Penney Company, Inc., a corporation; and Sears, Roebuck and Co., a facsimile of said checks being attached hereto and by this reference incorporated herein * * *." Thereafter, the defendant filed a motion to dismiss the indictment upon the grounds that none of the items allegedly stolen were over $150 in value and that several alleged thefts were combined to reach a valuation in excess of $150. After a hearing, the circuit court allowed the

motion and dismissed the indictment. This appeal, pursuant to the provisions of Supreme Court Rule 604(a) (Ill. Rev. Stat. 1973, ch. 110A, ¶ 604 (a)), is from the order of dismissal. We affirm.

■■■ It is the position of the People upon this appeal that several separate takings from different individuals at various times may constitute a single transaction if done pursuant to a single intent and design. Section 111—4(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 111—4(c)) provides:

> "Two or more acts or transactions in violation of any provision or provisions of Sections 16—1, 16—2 and 16—3 ' * * * may be charged as a single offense in a single count of the same indictment, information or complaint, if *such acts or transactions by one or more defendants are in furtherance of a single intention and design and if the property, labor or services obtained are of the same person or are of several persons having a common interest in such property, labor or services.* In such a charge, the period between the dates of the first and the final such acts or transactions may be alleged as the date of the offense * * *."
> (Emphasis added.)

The indictment in this case does charge a single intention and design. The statutory language above quoted, however, is phrased in the conjunctive so that in order to constitute a single offense there must be a single intention and design *and* the property obtained from the same person or various property obtained from several persons having a common interest in such property. It clearly appears upon the fact of the indictment that the various items obtained were from different persons and there is no allegation that the several persons from whom the property—in this case, money—was obtained had a common interest in such property. By the clear, unequivocal language of the statute, therefore, the State cannot aggregate the various offenses charged into a single felony offense.

The People cite three cases: *People v. Israel*, 269 Ill. 284, 109 N.E. 969; *People v. Woods*, 222 Ill. 293, 78 N.E. 607; and *People v. Patrick*, 38 Ill.2d 255, 230 N.E.2d 843, in support of their position. In *Woods* and *Patrick*, the thefts involved were from a single owner or were decided before the adoption of the statutory language that we have quoted. The issue in the *Israel* case was essentially one relating to double jeopardy.

Upon this record, the circuit court of Macon County was correct in its action dismissing the indictment and the judgment appealed from is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.