THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID LYNN GILES, Defendant-Appellant.

Fourth District No. 12763

Opinion filed January 29, 1976.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant David Lynn Giles, having waived indictment, was charged in the Circuit Court of McLean County by a single count information designated on its face to charge the offense of theft of property of a value exceeding $150 in violation of section 16—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1). In exchange for a promise by the State to dismiss other charges against him and to recommend that the court impose a sentence of 1 to 3 years, defendant entered a plea of guilty. The court accepted and entered judgment upon the plea and imposed the recommended sentence of 1 to 3 years. Defendant appeals. We affirm.

In pertinent part the information stated that defendant:

> "the exact time being unknown to the States Attorney on the 31st day of October, 1973, at 1102 South Main Street, Blooming-ton, within the County of McLean in the State of Illinois, committed the offense of theft over $150.00 in that he did willfully, unlawfully, and knowingly obtain control over stolen property, to-wit: one miniature chest containing old currency and one Philco Television #188035, the property of Harold F. Craig, and one Browning 12 gauge shotgun, one Parker double-barrell [sic] shotgun, and one Panasonic Television set, the property of Merle Haughawout, and one Model Q Selmar Clarinet, the property of John McGrosso, and one Admiral Princess Air Conditioner, the property of Terry Ridenour, said items of property having a value in excess of $150.00, under such circumstances as would reasonable [sic] induce him to believe the property was stolen, and did conceal said property in such manner as to deprive said owners permanently of the use and benefit of said property.  *  *  *"

Defendant contends that the information was insufficient to charge him with the felony offense of theft to which he pleaded. He argues that he was charged with several acts of theft not permitted to be joined by section 111—4(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 111—4(c)) and that there was no allegation that the value of the property which was the subject of any individual act had a separate value of $150.

Section 111—4(c) provides, in part:

"Two or more acts or transactions in violation of any provision or provisions of Sections 16—1, 16—2 and 16—3 of the 'Criminal Code of 1961', approved July 28, 1961, as amended, may be charged as a single offense in a single count of the same indictment, information or complaint, if such acts or transactions by one or more defendants are in furtherance of a single intention and design and if the property, labor or services obtained are of the same person or are of several persons having a common interest in such property, labor or services."

Defendant relies on *People v. Adams*, 26 Ill.App.3d 324, 325 N.E.2d 71. There a defendant was charged in a single count with theft of property of a value exceeding $150 by making seven checks drawn on one bank and then delivering the checks to seven corporations in exchange for cash and merchandise, knowing that the checks would not be paid by the bank because of insufficient funds being on deposit to cover them. The charge alleged that the checks were written with a single intention and design. The information contained no allegation that the value of the property stolen by virtue of any separate check exceeded $150. We held that the provisions of section 111—4(c) permitting joinder of separate acts of theft were not met because the property obtained was from several separate entities who had no common interest in the total property obtained. We affirmed the action of the trial court in dismissing the charge upon defendant's pretrial motion.

The People maintain that in the instant case the information alleging that the defendant did "obtain control over stolen property" and did "conceal" it charges only a single offense. They cite *People v. Todaro*, 14 Ill.2d 594, 153 N.E.2d 563, where defendants were charged with the offense of receiving stolen property in a single count which alleged that they received two separate items of property stolen from different individuals and that they aided in concealing the property. The Supreme Court held that the charge was not subject to motion to quash because of duplicity and that the charge was proved, even if the property was received on separate occasions, as long as the defendants had aided in concealing the property on the date alleged. *Todaro* was decided prior to the enactment of section 111—4(c). Defendant contends that the ruling of that case is no longer applicable unless the persons from whom the property is separately stolen have the common interest required by that section.

Section 16—1 of the Criminal Code provides, in part:

"Theft. A person commits theft when he knowingly:
(b) Obtains by deception control over property of the owner;

or * * * (d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and (1) Intends to deprive the owner permanently of the use or benefit of the property; or * * * (3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit."

■■ In *Adams* the theft offense involved was that defined by a combination of subsections (b) and (1) of section 16—1. The obtaining of property by deception from the victim with the proper mental state is the gist of that offense. Since several acts of deception were alleged, the value of the property obtained by these acts could be added to determine if the theft was a felony only if section 111—4(c) permitted their joinder. Here, on the other hand, the theft offense involved is defined by a combination of subsections (d) and (3) of section 16—1. The obtaining of stolen property with the proper mental state and the subsequent concealment with the proper mental state is the gist of that offense. The property may be obtained by one act or transaction although it was stolen from different people at different times (*People v. Cobetto*, 32 Ill.App.3d 696, 336 N.E.2d 505, *leave to appeal allowed*, January 23, 1976). That is what is alleged here because the information stated that the offense was committed on a day certain, "the exact time being unknown." If more than one act or transaction were alleged, the information would have used the word "time" in the plural. Only one act or transaction of theft being alleged, the requirements of Section 111—4(c) need not be met in order to combine the total values of all the stolen property obtained by the one act or transaction to determine if the theft alleged was a felony. The information properly charged the defendant with the offense of theft of property of a value exceeding $150 to which he pleaded.

■■ Defendant also cites as error the failure of the trial court to admonish the defendant as to the mandatory parole term. The plea in this case, however, was entered on April 9, 1974. Under the holding of the supplemental opinion in *People v. Wills*, 61 Ill.2d 105, 330 N.E.2d 505, the requirement for such admonishment is only applicable to pleas of guilty entered subsequent to May 19, 1975.

The judgment of conviction and sentence are affirmed.

Judgments affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.