(No. 61251.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. VICTOR I. BRENIZER, Appellee.

*Opinion filed February 6, 1986.*

Neil F. Hartigan, Attorney General, of Springfield, and Thomas K. Leeper, State's Attorney, of Quincy (Jill Wine-Banks, Solicitor General, and Mark L. Rotert and Ellen M. Flaum, Assistant Attorneys General, of Chicago, and Robert J. Biderman and Linda Welge, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Richard P. O'Connell, Ltd., of Quincy, for appellee.

JUSTICE RYAN delivered the opinion of the court:

The defendant, Victor I. Brenizer, was charged by information, in the circuit court of Adams County, with four counts of felony theft in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 16—1(a)(1), 16—1(b)(1)). Upon motion of the defendant, the trial court dismissed both the initial information and the amended information. The appellate court affirmed in a Rule 23 order. (87 Ill. 2d R. 23; 127 Ill. App. 3d 1172.) We allowed the State's petition for leave to appeal (94 Ill. 2d Rules 315(a), 604(a)) and now reverse.

The sole issue on appeal is whether a series of acts committed by a defendant, each of which might otherwise constitute a misdemeanor theft, may be charged as a single felony when it is alleged that the acts were in furtherance of a single intention and design to obtain the property of a single owner.

The defendant was employed as a restaurant manager at a Bergner's department store. In that capacity he would, on a regular basis, charge food and related items to an account the restaurant had at Randall's Dis-

count Foods. The alleged crime stemmed from numerous occasions over a period of approximately 2½ years during which the defendant charged food and general merchandise to Bergner's account at Randall's and then directed those items to his personal use.

The State's initial information, in four counts, alleged that on or about March 19, 1981, and continuing to the date of the information (September 27, 1983), the defendant committed the offense of theft. Count I alleged that the defendant took approximately $800 in United States currency. Count II alleged that he took food and general merchandise having a total value in excess of $300. Count III alleged that the defendant took property, in the approximate amount of $800, by making unauthorized credit charges on behalf of Bergner's at Randall's for food and general merchandise which he directed to his personal use. Count IV alleged that he took food and general merchandise, having a total value in excess of $300, by making unauthorized charges on behalf of Bergner's at Randall's, which caused Bergner's to issue checks to pay for those charges.

Theft of property, other than a firearm, not from the person and not exceeding $300 in value is a Class A misdemeanor, while a second or subsequent offense after a conviction of any type of theft, including retail theft, other than theft of a firearm, is a Class 4 felony. (Ill. Rev. Stat: 1981, ch. 38, par. 16—1(e)(1).) Theft of property exceeding $300 is a Class 3 felony. Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(3).

The defendant filed a motion for severance which alleged that the offenses charged in the State's initial information were separate and distinct "as each one involve[d] a different alleged theft of differing amounts o[n] different dates which happen[ed] to involve the same [d]efendant and the same alleged victim." He further alleged that the State had impermissibly joined the of-

fenses in an attempt to elevate misdemeanor offenses to felony offenses. The defendant also filed a motion for a bill of particulars requesting that the State provide him with the date, place, and time of the alleged occurrences. The State's answer listed 54 dates between March 19, 1981, and September 27, 1983, on which the alleged occurrences took place.

The trial court heard arguments on the defendant's motion for severance. Defense counsel initially argued that the State should not be allowed to arbitrarily lump the various transactions into "two transactions, one $800 and one $300." He later argued that the defendant should be tried separately on each of the transactions listed in the answer to the bill of particulars. The assistant State's Attorney explained that the four counts in the information were simply alternate methods of charging the same underlying factual circumstances; the State had not arbitrarily lumped the 54 acts into two felony offenses. She also maintained that the State could properly charge the defendant with one offense pursuant to section 111—4(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 111—4(c)).

The trial court held that if the State wanted to charge the defendant with a single offense it would have to allege that the acts were in furtherance of a single intention and design. Since the information did not allege that the acts were in furtherance of a single intention and design, the court ruled that the information failed to state an offense. The court treated the defendant's motion for severance as a motion to dismiss and dismissed the information. The State was given leave to file an amended information.

The State filed an amended information which added to each of the four counts the allegation that the offense was committed in furtherance of a single design. The defendant filed a motion for severance. He also filed a

motion to dismiss which alleged that the amended information failed to state an offense. Defense counsel maintained that although section 111—4(c) may provide for the joinder of a series of acts, it does not permit the elevation of a number of misdemeanors into one or more felonies. The assistant State's Attorney argued that the defendant had been properly charged with the offense of theft in accordance with section 16—1 and that whether the defendant had in fact committed the 54 acts with a single intention and design would be a matter of proof at trial. Section 111—4(c) provides:

"(c) Two or more acts or transactions in violation of any provision or provisions of Sections 16—1 [theft], 16—2 [theft of lost or mislaid property] and 16—3 [theft of labor or services or use of property] of the 'Criminal Code of 1961' *** may be charged as a single offense in a single count of the same indictment, information or complaint, if such acts or transactions by one or more defendants are in furtherance of a single intention and design and if the property, labor or services obtained are of the same person or are of several persons having a common interest in such property, labor or services. In such a charge, the period between the dates of the first and the final such acts or transactions may be alleged as the date of the offense ***." Ill. Rev. Stat. 1981, ch. 38, par. 111—4(c).

The trial judge acknowledged that "[f]rom a purely technical standpoint" the alleged events in this case "would fit within th[e] language" of section 111—4(c). However, since he had not been presented with any authority allowing the State to take a number of misdemeanors and charge a defendant with a single offense and then elevate those misdemeanors into one or more felonies, he concluded that the State had gone further than section 111—4(c) would permit. The trial court granted the defendant's motion to dismiss. The State was not given leave to file a second amended information.

The appellate court acknowledged, as did the trial court, that the requirements of section 111—4(c) had been met. It further acknowledged that "the attempt to join the offenses was probably permissible." However, the appellate court concluded that the trial court had not abused its discretion in dismissing the amended information and that the trial court's decision was not palpably erroneous because it had not been presented with any authority authorizing the joinder requested by the State.

The rule followed by the majority of jurisdictions is that when property is stolen from the same owner and from the same place by a series of acts, if each taking is pursuant to a separate, independent impulse, it is a separate offense. However, if the successive takings are pursuant to a single, continuing criminal impulse, they constitute a single theft. (50 Am. Jur. 2d *Larceny* sec. 4 (1970); 52A C.J.S. *Larceny* sec. 53 (1968).) Whether a series of takings constitutes a single offense or several offenses depends on the facts in each case as to whether the takings were pursuant to a single intent or design. Annot., 53 A.L.R.3d 398 (1973).

We find that the amended information in the present case properly charged the defendant with a single offense of theft. It particularly charged the defendant with having committed the offense of theft, in furtherance of a single design, by illegally obtaining the property of a single owner, at times within the statute of limitations. See generally Ill. Rev. Stat. 1981, ch. 38, pars. 3—5 (general limitations on prosecutions of felonies and misdemeanors), 3—8 (limitation on offenses based on a series of acts); *People v. Curoe* (1981), 97 Ill. App. 3d 258 (indictment returned three years after the last in a series of unauthorized withdrawals of assets was not barred by statute of limitations).

Having found that a series of misdemeanor takings may be charged as a single offense, the question remains

whether the value of those successive misdemeanor takings may be aggregated to charge a single offense of felony theft. For the reasons discussed below we hold that a series of acts committed by a defendant, each of which might otherwise constitute a misdemeanor theft, may be charged as a single felony when it is alleged that the acts were in furtherance of a single intention and design to obtain the property of a single owner.

We note that section 111—4(c), which is limited to theft offenses, does not prohibit aggregation. In fact, this section provides that the multiple thefts may be charged *as a single offense.* The requirement in section 111—4(c) that the defendant act in furtherance of a single intention and design insures that the State will not arbitrarily aggregate a number of misdemeanors into one or more felonies. In the present case the trial judge was concerned that nothing prevented the State from arbitrarily deciding to charge the defendant with one felony of $400 based on the first 27 acts he committed and another felony of $400 based on the other 27 acts. However, the State would then have to prove that the defendant acted in furtherance of one intention and design when he committed the first 27 acts and in furtherance of another intention and design when he committed the second 27 acts. If the defendant committed all 54 acts in furtherance of a single intention and design, then the State could only charge him with a single felony theft.

Our appellate court has implied that aggregation is proper under section 111—4(c). (*People v. Giles* (1976), 35 Ill. App. 3d 514; *People v. Adams* (1975), 26 Ill. App. 3d 324.) In *Adams*, the defendant was charged with theft, by deception, of property exceeding $150 in value. Theft of property exceeding $150 in value was a felony at that time. The indictment alleged that over a period of five days Adams drew checks on a bank and then de-

livered those checks to seven businesses in exchange for cash and merchandise, knowing that the checks would not be paid by the bank because of insufficient funds. It also alleged that the checks were written in furtherance of a single intention and design, but did not state that any of the items allegedly stolen exceeded $150 in value. The trial court dismissed the indictment.

On appeal the State argued that several separate takings from different individuals at various times could constitute a single transaction if done pursuant to a single intent and design. The appellate court affirmed the dismissal, ruling that the State could not aggregate the various offenses charged into a single felony offense. (*People v. Adams* (1975), 26 Ill. App. 3d 324, 326.) However, the dismissal was based on the ground that the indictment failed to charge that the seven businesses from which the property was obtained had a common interest in the property. It was not based on the ground that the indictment failed to allege that each check exceeded $150 or that aggregating their value in order to charge a felony was improper. The same court explained in a subsequent case that since several acts had been alleged in *Adams*, the value of the property obtained by those acts could be added to determine whether the theft was a felony only if section 111—4(c) permitted their joinder. *People v. Giles* (1976), 35 Ill. App. 3d 514, 517.

In *Woods v. People* (1906), 222 Ill. 293, this court held that if the fraudulent taking of gas over a period of time constituted one continuous taking, then the defendant could be prosecuted for grand larceny, based on the aggregate value of the gas taken. Although the nature of the taking in *Woods* may have been more in the nature of a continuous taking than the facts demonstrate in our case, nonetheless, this court recognized in *Woods* the principle of aggregating the value of the property taken for the purpose of enhancing what may only have been

misdemeanors into a felony. Also, cases from other jurisdictions have held that if, under the facts of the case, the multiple takings constituted a single larceny rather than multiple offenses, the grade of larceny may be established by aggregating the value of the property taken. Whether the defendant acted in furtherance of a single intention and design and thus committed a single crime is a question of fact to be established at the trial of the case. See Annot., 53 A.L.R.3d 398 (1973).

Finally, no useful purpose would be served by section 111—4(c) if it permitted only the aggregation of numerous misdemeanors into a single misdemeanor. Such a construction unrealistically assumes that a prosecutor would undertake the added burden of proving a single intention and design simply to be able to charge a defendant with a single count of misdemeanor theft rather than prosecuting for several misdemeanors, which would permit multiple convictions without the added burden of proving the single intention and design. In *People v. Cox* (1941), 286 N.Y. 137, 145, 36 N.E.2d 84, 87, the court stated:

> "Logic and reason join with all the authorities that have considered the question, in holding that the People may prosecute for a *single* crime a defendant who, pursuant to a single intent and one general fraudulent plan, *steals in the aggregate as a felon* and not as a petty thief. If this were not so, a crime of grand larceny would go unpunished and a felon escape because the law classified him only as a petty thief." (Emphasis added.)

We hold that a series of acts committed by a defendant, each of which might otherwise constitute a misdemeanor theft, may be charged as a single felony when it is alleged that the acts were in furtherance of a single intention and design to obtain the property of a single owner or several persons having a common interest in such property. (Ill. Rev. Stat. 1981, ch. 38, par. 111—

4(c).) The total value of the property taken will determine whether the theft constitutes a misdemeanor or a felony.

For the foregoing reasons the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of Adams County.

*Reversed and remanded.*