SHIRLEY REED, Plaintiff-Appellant, v. ROGELIO P. BASCON, Defendant-Appellee.

First District (2nd Division)   No. 84—1388

Opinion filed October 7, 1986.

Joseph M. Tobias, of Joseph M. Tobias & Associates, Ltd., of Chicago, for appellant.

Ruth E. Van DeMark, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Shirley Reed, brought this medical malpractice action against defendants, Norwegian American Hospital, Dr. A. O. Botuyan, and Dr. R. P. Bascon. Dr. Bascon moved for summary judgment. Dr. Bascon's motion was allowed. The sole issue on appeal is whether the trial court properly granted summary judgment in favor of Dr. Bascon.

On May 29, 1979, plaintiff saw Dr. Bascon at his office. She complained of rectal pain and bleeding. Dr. Bascon made a provisional diagnosis of hemorrhoids. He recommended immediate hospitalization at Norwegian American Hospital. After determining that she had "good insurance," he told her that a Dr. Botuyan would be consulted. He referred to Dr. Botuyan as "my assistant who would perform the surgery but I would be there." Dr. Botuyan testified in his deposition that Ms. Reed was never "transferred to me" by Dr. Bascon.

By "good insurance," Dr. Bascon meant a policy that would pay for two physicians during a hospital stay. If Ms. Reed did not have "good insurance," he would have referred her to Dr. Botuyan, a surgeon, and that would have ended his professional relationship with the patient for that illness.

Plaintiff was admitted to Norwegian American Hospital on May 31, 1979. Dr. Bascon was identified as the attending physician on each page of the hospital record. He saw plaintiff on each day of her hospi-

talization, including the day of surgery, although he was not present during the surgery. He was paid for each visit.

On June 1, 1979, Dr. Botuyan performed a surgical procedure known as a modified Whitehead hemorrhoidectomy. Prior to surgery, Dr. Botuyan sent a consultation report to Dr. Bascon. He testified that as the attending physician, Dr. Bascon had the option to decline the recommendation made in the report. He also testified that Dr. Bascon had the right to be present during surgery.

Plaintiff was discharged from Norwegian American Hospital on June 8, 1979. She continued to have pain and had difficulty walking. When she told Dr. Bascon of this condition, he said it was due to "poor circulation." He prescribed medication and told her to "walk around a little bit." Her condition got worse. When she was unable to reach Dr. Bascon, she went to the emergency room at Cook County Hospital. She was admitted to the hospital on June 17, 1979. She testified at her deposition that Dr. Nelson of Cook County Hospital told her Dr. Bascon and Dr. Botuyan "botched up" her case. Her condition at County was diagnosed as a veinous thrombosis and a rectal stricture. She underwent surgery during the June 17 hospital stay and again during a July 10, 1979, hospital stay at Cook County.

Plaintiff filed her complaint in February 1980. When the court considered Dr. Bascon's motion for summary judgment, it also considered the depositions of the plaintiff, a representative of Norwegian American Hospital, Dr. Bascon, Dr. Botuyan, hospital records from Norwegian American and Cook County, and certain affidavits. This appeal does not involve any of the other defendants.

I

█ The standard for summary judgment is well known. A motion for summary judgment should be granted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) In determining whether a genuine issue as to any material fact exists, the court must construe the pleadings, depositions, and affidavits most strictly against the movant. (*Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 714, 399 N.E.2d 198, *appeal denied* (1980), 79 Ill. 2d 631.) A triable issue of fact that precludes summary judgment exists where there is a dispute as to the material facts or where, the material facts being disputed, reasonable persons might draw different inferences from the facts. (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 150, 240 N.E.2d

699.) Summary judgment is "a drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is clear and free from doubt." *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 862.

■ Generally, when one attempts to impose liability for the actions of another, one can assert four possible theories of liability: *respondeat superior*, agency, concerted action for a common purpose, or negligence in defendant's selection of the third person. Annot., 85 A.L.R.2d 889, 893 (1962) (and Later Case Service).

Count I alleged a cause of action against defendant Norwegian American Hospital. Counts II and III of plaintiff's second amended complaint alleged a cause of action jointly against Dr. Bascon and Dr. Botuyan. Count II was based on a negligence theory, and Count III on the theory of *res ipsa loquitur*. Each count alleged that "during a portion of the months of May and June 1979, the said defendants, each in his professional capacity, undertook and assumed the care and attended and treated the plaintiff." The negligence is principally based on the use of an allegedly outmoded surgical technique known as a modified Whitehead hemorrhoidectomy. Plaintiff further alleges that as a result of the negligence of Drs. Bascon and Botuyan, she had to undergo two corrective surgeries at Cook County Hospital and suffers from permanent disabilities.

The allegedly improper surgery was performed by Dr. Botuyan on June 1, 1979, at Norwegian American Hospital. The pleadings may have been drawn inartfully, which caused the trial judge to ask plaintiff's counsel, "You are suing for the surgery ***?" Counsel responded, "[W]e are suing as to the whole results."

Under the liberal construction of pleadings on motions for summary judgment, the pleadings must be construed as alleging negligence against Dr. Bascon and Dr. Botuyan from May 1979, when plaintiff first came under their care, until June 1979, when she left them and sought professional help at Cook County Hospital. When Dr. Bascon made his provisional diagnosis of hemorrhoids, he could have tendered the patient to the exclusive care of Dr. Botuyan. The duty imposed upon Dr. Bascon would be to use reasonable care in the selection of the surgeon.

■ Dr. Botuyan conceded that he did not check the medical literature dealing with the modified Whitehead procedure until he was sued in this case. He discovered that it was outmoded and not looked upon favorably by the medical community. As a result, he discontinued this surgical procedure. This admission creates a triable issue of material fact regarding Dr. Bascon's negligence in selecting Dr. Bo-

tuyan to perform surgery on the plaintiff.

## II

Dr. Bascon decided to continue his professional relationship with plaintiff when she was admitted to Norwegian American Hospital. This decision was, at least in part, motivated by plaintiff's insurance coverage. The responsibility for the care of the patient was then shared by defendants Norwegian American Hospital and Dr. Botuyan. The claim filed with plaintiff's insurance carrier reflects that Dr. Bascon was paid for each day at the hospital and for post-operative care.

The trial court made the surgery performed on June 1, 1979, the cornerstone of its decision to grant summary judgment. It concluded that Dr. Bascon was not a surgeon, was not present during surgery, and did not get a fee from the surgeon. Therefore, the liability, if any, can only be placed on the surgeon.

Plaintiff contends that she was under the care of both Dr. Bascon and Dr. Botuyan, the surgeon, from May 1979, when she entered Norwegian American Hospital for treatment and surgery, and remained their patient for post-operative care after being released from the hospital in June 1979.

The plaintiff's action alleges that, when she commenced her professional relationship with Drs. Bascon and Botuyan in May 1979, she was complaining of rectal pain and bleeding. While in their exclusive custody and care, she came out feeling worse and required two additional hospital stays at Cook County Hospital for corrective surgery. At her deposition, she was asked by counsel for defendants whether Dr. Nelson of Cook County Hospital ever said anything about the surgery that was done at Norwegian American Hospital. She responded, "Only that they goofed. They didn't know what they were doing."

■ Plaintiff has requested a jury trial. Improper application of summary judgment may deny litigants of their right to trial by jury on disputed questions of fact. (*Wegener v. Anna* (1973), 11 Ill. App. 3d 316, 319, 296 N.E.2d 589.) Granting summary judgment in favor of Dr. Bascon, on the basis of what happened on June 1, 1979, would leave the plaintiff at the mercy of any defense that may be raised by the surgeon. With Dr. Bascon safely out of the case, there would be a possibility of the surgeon acknowledging that although the surgical procedure was outmoded, it did not cause the injuries about which plaintiff complains. The blame could possibly be shifted to negligent post-operative care by Dr. Bascon.

■ A genuine issue of material fact exists in this case. The negligence, if any, may be identified at any point from May 1979 through

June 1979. At trial, the evidence would reveal if any, none, or all of the defendants are responsible. Fundamental fairness requires that all of the defendants remain in the case at this point so that all of the facts dealing with potentially conflicting theories of liability and defense may be considered and resolved by the jury.

### III

The trial court found that there was no concerted action between defendant and Dr. Botuyan because there was no "continuation of care in the surgical sense. It was a referral, and there is [none of the standards for] fee sharing, referral fees, surgical participation, [or] knowledge of the procedure."

Regarding concerted-action liability, plaintiff relies on the following facts. Defendant saw approximately 10 to 15 patients a year who suffered from hemorrhoids. About 25% of these patients required surgery, and defendant routinely referred those patients to Dr. Botuyan. Similarly, in this case, defendant examined plaintiff, diagnosed her condition as hemorrhoids, recommended surgery, and recommended that Dr. Botuyan perform the surgery. Defendant told plaintiff that she would be "all right." After plaintiff was admitted to Norwegian American Hospital, defendant explained the surgery to plaintiff and that he would assist in the operation. Defendant also admitted that he remained on the case as attending physician because plaintiff had sufficient insurance coverage to pay for the bills of both physicians.

After Dr. Botuyan made his examination of plaintiff, he wrote his findings in a consultation report. The report was read and approved by defendant. After the surgery both physicians visited plaintiff every day of her hospital stay. When plaintiff was ready to be discharged, defendant and Dr. Botuyan signed two progress notes, which advised plaintiff to follow up with both physicians.

Defendant also saw plaintiff when she complained after the surgery that she could not walk. He diagnosed her condition as poor circulation and told her to return in three weeks, but sooner if problems persisted. When plaintiff failed to reach defendant when her condition deteriorated, she went to Cook County Hospital, where she was admitted. Plaintiff required corrective surgery to relieve her distress from the rectal stricture.

Dr. Botuyan, in his deposition, testified that defendant did not withdraw from the case as attending physician. He also stated that Dr. Bascon did not transfer the patient to him.

Defendant relies primarily on *Beckwith v. Boynton* (1924), 235 Ill.

App. 469, to assert that he cannot be held liable for the acts of a surgeon. The *Beckwith* case, however, is distinguishable, for there the defendant was a family physician who acted as a "Good Samaritan" in arranging for the surgery of a minor girl. As the court noted, "Boynton was the family physician, in a small country village, who did not even pretend to be skilled in the operation of tonsillectomy. As an act of kindness, being the family physician, appellant Boynton called the other appellants; *** arranged the date at the hospital and went with the family and rendered them all the assistance that he could in this occurrence, ***." (235 Ill. App. 469, 486.) The facts in this case show another arrangement. Defendant remained as attending physician because of plaintiff's insurance coverage, which paid him for each visit he made at the hospital. Defendant could have attended the surgery but did not. The fact that he was not physically present, however, does not negate the fact that Dr. Bascon selected the surgeon who allegedly used an outmoded surgical procedure. He was "in charge" of the plaintiff's care during her hospitalization and post-operative care at the hospital and after discharge.

We find this case to be more analogous to *Morrill v. Komasinski* (1950), 256 Wis. 417, 41 N.W.2d 620. In that case, a woman who fractured her right humerus, a bone in the upper arm, was treated by Dr. Komasinski, her family physician. After a series of X rays, defendant called in Dr. Bump, who set the arm in a cast as Dr. Komasinski looked on. After the cast was removed, however, plaintiff continued to have pain and could not bring her arm to her side. More X rays revealed a hairline fracture in the humerus and also a displacement of the humerus. (256 Wis. 417, 420, 41 N.W.2d 620, 621.) The Wisconsin Supreme Court affirmed a jury verdict in favor of plaintiff. It rejected defendant's argument that he could not be liable because the entire responsibility had been assumed by Dr. Bump. The court held that "here Dr. Komasinski participated in the diagnosis and continued in active charge of the case after the cast was applied." 256 Wis. 417, 426, 41 N.W.2d 620, 624.

■ We conclude that the trial court erred in granting defendant's motion for summary judgment. Construing, as we must, the facts most strictly against the movant, we find that a genuine issue of material fact exists as to whether and to what extent defendant was in active control of plaintiff's entire treatment. A question of material fact also exists as to whether there was concerted action between defendant and Dr. Botuyan in their treatment of plaintiff. An additional question of material fact exists regarding any negligence on the part of Dr. Bascon in selecting Dr. Botuyan as the surgeon.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.