Docket No. 104279.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HOWARD L. ROWELL, Appellant.

*Opinion filed May 22, 2008.*

CHIEF JUSTICE THOMAS delivered the judgment of the court, with opinion.

Justices Freeman, Fitzgerald, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Defendant, Howard L. Rowell, was convicted in the circuit court of McLean County of retail theft of property having a retail value exceeding $150 (720 ILCS 5/16A–3(a) (West 2004)). Defendant thereafter filed a motion for judgment of acquittal or, in the alternative, a motion in arrest of judgment. The circuit court denied defendant's motion and sentenced defendant to 120 days in jail, with 90 days stayed pending review, and 30 months' probation. The circuit court also ordered defendant to pay restitution, as well as other fines, fees and costs. The appellate court, with one justice specially concurring, affirmed in part, vacated in part, and remanded with directions. 375 Ill. App. 3d 421. This court then allowed defendant's petition for leave to appeal. 210 Ill. 2d R. 315(a).

## BACKGROUND

Defendant was arrested on August 25, 2003, while he was working at the Electronics Boutique in Bloomington, Illinois. Defendant originally was charged with theft by deception (720 ILCS 5/16–1(a)(2) (West 2004)), a misdemeanor. The original information alleged that defendant knowingly obtained control, by deception, over the property of Electronics Boutique, United States currency, by selling product belonging to Electronics Boutique and keeping the money for himself. The State nol-prossed that charge on September 22, 2003.

On September 25, 2003, defendant was charged by information with retail theft over $150 (720 ILCS 5/16A–3 (West 2004)), a Class 3 felony. That information alleged that between July 15, 2003, and August 25, 2003, defendant "knowingly took possession of merchandise, 15 electronic computer games, valued over $150, offered for sale at the Electronic[s] Boutique, a retail mercantile establishment[,] with the intent to permanently deprive the merchant of the use or benefit of the property without paying the full retail value, in violation of 720 ILCS 5/16A–3(c)."

On December 3, 2003, the State filed an information labeled "Count II." Count II also charged defendant with felony retail theft over $150 and alleged that on or about July 15, 2003, and August 25, 2003:

> "[D]uring a continuing course of conduct, he [defendant] knowingly took possession of fifteen xbox [*sic*] brand video games, which were items of merchandise offered for sale at Electronic[s] Boutique, a retail mercantile establishment, with the intent to permanently deprive said merchant of the possession, use or benefit of said merchandise, without paying the full retail value of said merchandise, said merchandise having a value exceeding $150, in violation of 720 ILCS 5/16A–3(a)."

Defendant waived his right to a jury trial, so the case proceeded to bench trial on March 10, 2004. At trial, defense counsel agreed to stipulate to the State's evidence. The stipulated evidence included three police reports, defendant's written statement to Electronics Boutique, the Electronics Boutique manager's summary of the cost

of the stolen games, defendant's videotaped statement to police, and the fact that Electronics Boutique is a retail mercantile establishment.

The police reports were prepared by Officers Shawn Albert and Brent Smallwood. Albert's report stated that on August 25, 2003, he was dispatched to investigate a burglary complaint at Electronics Boutique. When Officer Albert arrived, manager Ken McDonough told him that store management suspected defendant was stealing video games from the store and also suspected defendant was selling games to friends and pocketing the money. Consequently, a loss-prevention officer for Electronics Boutique made purchases from defendant, and defendant pocketed the money from those purchases. The loss-prevention officer and McDonough confronted defendant. Defendant immediately confessed to stealing from the store. Defendant admitted that he sold games to friends at a reduced rate and pocketed the money. Defendant also admitted to stealing video games for himself. When Officers Albert and Smallwood spoke with defendant, defendant again confessed to stealing from the store.

Officer Smallwood's supplemental report indicated that, after Albert secured the scene, Smallwood spoke with McDonough. McDonough told Smallwood that an employee from another Electronics Boutique store, Jaguneruku Rimes, went to the store and asked defendant about purchasing a Madden football game. Defendant offered the game and a handbook to Rimes at a reduced cost.

Officer Smallwood then spoke with Rimes about the incident. Rimes said that he went to the Electronics Boutique while defendant was working and asked defendant about purchasing a preowned Madden game at a reduced cost. Defendant told Rimes that defendant would sell him a new Madden game and handbook for $35. Rimes purchased the game and handbook and left the store. Rimes told Officer Smallwood that the Madden game should have cost $50, and the handbook should have cost $14.99.

In his written statement to Electronics Boutique, defendant admitted that he had stolen a total of $1,242.95 from the store. The statement said that defendant stole $367.95 in preowned Xbox software that he kept for himself, as well as $100 in new software. Defendant said he also stole $400 by selling new software to customers for $40 cash and keeping the money. In addition, defendant

stole $375 by charging customers $20 cash for preowned software and keeping the cash. Defendant explained that he did these things because he had money problems and did not think about the consequences. Defendant also made a list of the stolen games that he had at his home.

Ken McDonough submitted a typed list of the 15 video games that defendant admitted stealing from the store. The list also included the retail values for those games. The prices ranged from $17.99 to $49.99, for a total of $430.85.

In defendant's taped interview at the police station, defendant stated that he had worked for Electronics Boutique for almost two months. Defendant said he had been selling the games and pocketing the money for three weeks. With regard to the games that he brought home, defendant said that he would just take a game that he wanted, although he did pay for a few games.

Defendant did not present any evidence. In closing argument, defense counsel argued that the information in count II, which used the "during a continuing course of conduct" language, was flawed.[1] Defense counsel stated that he could find no authority allowing a charge with a continuing course of conduct allegation. Defense counsel then stated that although there was no dispute as to what had happened, there was a dispute as to whether the evidence showed a number of misdemeanors or a felony. Defense counsel argued that the evidence showed a "bunch of misdemeanors, not a felony." Defense counsel noted that the evidence indicated that the Xbox games were taken over a series of dates, not all at once, so that a felony charge was not justified.

On March 24, 2004, the trial court entered an order finding defendant guilty on count II, retail theft over $150. On April 15, 2004, defendant filed a motion for judgment of acquittal or, in the alternative, a motion in arrest of judgment (725 ILCS 5/116–2 (West 2004)). Defendant's motion for judgment of acquittal cited *People v. Brenizer*, 111 Ill. 2d 220 (1986), and argued that although *Brenizer* held that a series of misdemeanor acts may be charged as a felony,

---

[1]During closing argument, the parties indicated that they were proceeding only on count II of the information.

*Brenizer* also held that the State must allege that the acts were in furtherance of a single intention and design. Defendant claimed that the attempt to aggregate his multiple acts with the phrase "continuing course of conduct" did not satisfy *Brenizer*. Defendant argued that the evidence did not prove a single intention and design and, at most, showed only that there were multiple intents to take property worth less than $150. Consequently, defendant should be acquitted of the felony charge.

Defendant's motion in arrest of judgment claimed that the language in the charging instrument did not sufficiently specify that defendant's conduct was in furtherance of a single intention and design to deprive Electronics Boutique of property over $150. Thus, the charge did not specifically identify a felony mental state of retail theft over $150. For that reason, the charge did not state an offense, so that the court should enter an order in arrest of judgment.

At the hearing on defendant's posttrial motion, defendant stood on his motion, noting that it was "essentially the same argument that I made for purposes of the guilty phase." The trial court denied the motion, stating, "the Court looked at that issue, and I believe there is some case law that directly supports the Court's ruling on that, and the motion will be denied." As noted, the trial court sentenced defendant to 120 days in jail, with 90 days stayed pending review, and 30 months' probation. The trial court also ordered defendant to pay $430.85 in restitution to Electronics Boutique, as well as other fines, fees and costs.

The appellate court, with one justice specially concurring, affirmed defendant's conviction and sentence. 375 Ill. App. 3d 421. The appellate court first agreed with the State's concessions that defendant was entitled to two days' sentencing credit and a $10 credit for time served to be applied against a $4 penalty imposed. In addition, the appellate court agreed that the $10 DNA processing fee and the $20 surcharge should be vacated. The appellate court also agreed with the State that the trial court erroneously failed to hold a hearing to determine defendant's ability to pay the $200 reimbursement order for counsel's fees, so that order must be vacated and the cause remanded for a hearing on counsel fees.

The appellate court rejected defendant's argument that his felony retail theft conviction must be reduced to a misdemeanor because the

State failed to allege or prove that the thefts were in furtherance of a single intention and design. The appellate court also rejected defendant's claim that his felony retail theft conviction must be vacated because the information failed to allege that defendant's conduct was in furtherance of a single intention and design. Finally, the appellate court rejected defendant's claim that his conviction must be vacated because the trial court did not admonish him pursuant to Supreme Court Rule 402 and did not admonish him about the stipulations before defendant's stipulated bench trial.

One justice specially concurred, writing separately to express his concerns and suggestions regarding Illinois' law on stipulations in criminal cases. 375 Ill. App. 3d at 436 (Steigmann, P.J., specially concurring). The appellate court subsequently denied defendant's petition for rehearing.

ANALYSIS

At issue in this appeal is defendant's conviction of felony retail theft. Section 16A–3 of the Criminal Code of 1961, the retail theft statute, provides that:

> "A person commits the offense of retail theft when he or she knowingly:
>
> (a) Takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." 720 ILCS 5/16A–3(a) (West 2004).

If the full retail value of the property does not exceed $150, the offense is a Class A misdemeanor. 720 ILCS 5/16A–10(1) (West 2004). If the full retail value of the property exceeds $150, the offense is a Class 3 felony. 720 ILCS 5/16A–10(3) (West 2004). Further, when a charge of retail theft of property, the full value of which exceeds $150, is brought, the value of the property involved is an element of the offense to be resolved by the trier of fact as either

exceeding or not exceeding $150. 720 ILCS 5/16A–10(3) (West 2004).

In addition, section 111–4(c) of the Code of Criminal Procedure of 1963 provides that, if two or more acts or transactions violate the retail theft statute, those acts or transactions "may be charged as a single offense in a single count of the same indictment, information or complaint, if such acts or transactions by one or more defendants are in furtherance of a single intention and design" and the property obtained is from the same person or several persons having a common interest in the property. 725 ILCS 5/111–4(c) (West 2004). In that case, the period between the dates of the first act or transaction and the final act or transaction may be alleged as the date of the offense. 725 ILCS 5/111–4(c) (West 2004).

In *People v. Brenizer*, 111 Ill. 2d 220 (1986), this court addressed whether a series of misdemeanors could be charged as a single felony, or whether they must be charged as a single misdemeanor, pursuant to section 111–4(c) (725 ILCS 5/111–4(c) (West 2004)). *Brenizer* held that a series of acts committed by a defendant, each of which might otherwise constitute a misdemeanor theft, may be charged as a single felony when it is alleged that the acts were in furtherance of a single intention and design to obtain the property of a single owner or several persons having a common interest in the property. *Brenizer*, 111 Ill. 2d at 228. The total value of the property taken will determine whether the theft constitutes a misdemeanor or a felony. *Brenizer*, 111 Ill. 2d at 229.

In this case, although the information charged defendant with a violation of section 16A–3 of the Criminal Code of 1961, retail theft over $150, a Class 3 felony, the parties agree that the information did not allege that the acts were in furtherance of a single intention and design, pursuant to section 111–4(c). Based upon this omission, defendant argues that his felony retail theft conviction must be reduced to the lesser-included offense of misdemeanor retail theft, because the State failed to allege or prove that defendant's conduct was in furtherance of a single intention and design. Defendant also argues that his felony retail theft conviction must be vacated because the information did not allege the essential element of "in furtherance of a single intention and design," resulting in prejudice to defendant. Finally, defendant argues that his felony retail theft conviction must

be vacated because the State's entire case was presented by stipulation, and defendant was not personally admonished about the stipulation, nor did he personally agree to the stipulation.

We first address defendant's challenge to the information. As noted, defendant argues that his felony retail theft conviction must be vacated because the information failed to allege the essential element that defendant's mental state was to act in furtherance of a single intention and design. Defendant contends that he was prejudiced by this error because the charging instrument did not apprise defense counsel of the correct elements of the offense with sufficient specificity to allow him to properly prepare defendant's defense. Because this issue involves a question of law, our review is *de novo*. *People v. Daniels*, 187 Ill. 2d 301, 307 (1999).

A defendant has a fundamental right, as set forth in section 111–3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/111–3 (West 2004)), to be informed of the nature and cause of criminal accusations made against him. *People v. Nash*, 173 Ill. 2d 423, 428-29 (1996). Section 111–3(a)(3) provides that the charging instrument must set forth the nature and elements of the offense charged. 725 ILCS 111–3(a)(3) (West 2004). Here, there is no dispute that the charging instrument did not set forth the section 111–4(c) "in furtherance of a single intention and design" element of the felony retail theft statute. However, the timing of a challenge to the indictment is significant in determining whether defendant is entitled to reversal of his conviction based upon a charging instrument error. *People v. Davis*, 217 Ill. 2d 472, 478 (2005).

If an indictment or information is challenged before trial in a pretrial motion, the indictment or information must strictly comply with the pleading requirements of section 111–3. *Nash*, 173 Ill. 2d at 429; *People v. DiLorenzo*, 169 Ill. 2d 318, 321-22 (1996). If the indictment or information does not strictly comply with the pleading requirements of section 111–3, the proper remedy is dismissal. *People v. Cuadrado*, 214 Ill. 2d 79, 87 (2005).

When an indictment or information is attacked for the first time posttrial, however, case law and statute require a defendant to show that he was prejudiced in the preparation of his defense. *People v. Davis*, 217 Ill. 2d 472, 479 (2005). In *People v. Gilmore*, 63 Ill. 2d 23, 29 (1976), this court held that when the sufficiency of an

indictment or information is attacked for the first time on appeal, the indictment is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and to allow him to plead a resulting conviction as a bar to future prosecutions arising from the same conduct. The legislature has determined that the *Gilmore* prejudice standard also applies where a charging instrument is challenged for the first time after trial, in a timely motion in arrest of judgment alleging a failure to charge an offense. 725 ILCS 5/116–2(c) (West 2004); see *DiLorenzo*, 169 Ill. 2d at 322 (motions in arrest of judgment attacking charging instrument for failure to charge an offense subject to same two-pronged test).

Defendant concedes that because his counsel first challenged the information in this case in his posttrial motion in arrest of judgment, the information is subject to the prejudice standard. Defendant contends, however, that the error here did prejudice him because the information did not apprise counsel of the proper elements of the offense with sufficient specificity to allow him to prepare his defense.

The State denies that defendant was prejudiced by the error in this case, arguing that this case is similar to this court's decision in *People v. Cuadrado*, 214 Ill. 2d 79 (2005). In *Cuadrado*, the defendant was indicted for solicitation of murder for hire. *Cuadrado*, 214 Ill. 2d at 81. The relevant statutory provision provided that a person commits solicitation of murder for hire when, with the intent that the offense of first degree murder be committed, he *procures* another to commit that offense. *Cuadrado*, 214 Ill. 2d at 83. The defendant's indictment charged that defendant, with the intent that the offense of first degree murder be committed, *solicited* another to commit that offense. *Cuadrado*, 214 Ill. 2d at 83-84. The defendant argued that because the indictment replaced the essential statutory element of "procurement" with the word "solicited," she was not properly charged and the indictment should have been dismissed. *Cuadrado*, 214 Ill. 2d at 84.

This court rejected the defendant's argument. This court held that the applicable standard for a midtrial challenge to an indictment is the prejudice standard. *Cuadrado*, 214 Ill. 2d at 87. This court then concluded that defendant was not prejudiced by the substitution of the word "solicited" for the word "procured," observing that defendant had ample opportunity before trial to object to the indictment.

*Cuadrado*, 214 Ill. 2d at 88. The indictment properly cited the charged offense, and the only deficiency was the substitution of the word "solicited" for the word "procured." *Cuadrado*, 214 Ill. 2d at 88. This court held that, although the terms were not interchangeable, the defendant was not prejudiced by the substitution. *Cuadrado*, 214 Ill. 2d at 88. This court further noted that, prior to filing her motion to dismiss the indictment, the defendant had filed and argued a motion for directed finding, which alleged that the State's case in chief failed to prove that defendant "procured" another to murder her husband. *Cuadrado*, 214 Ill. 2d at 88. Defendant's motion established that defendant was aware of the State's need to prove procurement, so that the error in the indictment did not inhibit the defendant in the preparation of her defense and did not cause her any prejudice. *Cuadrado*, 214 Ill. 2d at 88.

We find this case distinguishable from *Cuadrado* and agree with defendant that he was prejudiced because the information in this case did not apprise him of the proper elements of the offense with sufficient specificity to allow him to prepare his defense. In *Cuadrado*, the indictment properly cited the charged offense and simply substituted the word "solicited" for the word "procured." Thus, the defendant in *Cuadrado* could simply look to the statute to determine that the State needed to prove procurement.

Here, in contrast, although the information properly cited the felony retail theft statute, the information did not cite section 111–4(c), nor did the information allege that defendant's conduct was in furtherance of a single intention and design. Moreover, section 16A–3(a), the retail theft statute, contains no reference to section 111–4(c). Consequently, defendant could not look to section 16A–3(a), the cited statute, to find the missing element. In the absence of the "in furtherance of a single intention and design" language, or any reference to section 111–4(c) in the information, then, defendant had no notice that the State was required to allege and prove that the thefts at issue were in furtherance of a single intention and design, in order to charge those thefts as a single felony.

Also in contrast to *Cuadrado*, there is no evidence that defendant was aware that the State had to prove that the thefts were in furtherance of a single intention and design. It was clear that the defendant in *Cuadrado* knew that the State was required to prove

-10-

procurement, because the defendant filed and argued a motion for directed verdict at the close of the State's case arguing that the State failed to prove that defendant "procured" another to murder her husband. Here, in closing argument, defense counsel argued that he could find no authority allowing a charge with a "continuing course of conduct" allegation, and that the "continuing course of conduct" language was flawed. However, defense counsel never argued that the State should have alleged and proved that the thefts were "in furtherance of a single intention and design."

The State argues, however, that the information sufficiently apprised defendant that the State was attempting to aggregate several individual thefts into a single felony theft, because defendant founded his defense strategy on defeating that attempt. The State notes that defendant's defense was that the evidence showed only a "bunch" of misdemeanors, not a felony.

Although defense counsel argued in closing that the evidence only showed a "bunch" of misdemeanors and not a felony, and that the Xbox games were taken over a series of dates rather than all at once, we disagree with the State that this argument establishes that defendant was not prejudiced in preparing his defense. It is clear that defense counsel's argument was in response to the "continuing course of conduct" allegation. Defendant asserted no defense to a charge that his conduct was "in furtherance of a single intention and design," and offered no evidence or argument that the games were taken pursuant to numerous individual impulses, rather than in furtherance of a single intention and design. Thus, while defendant may have been aware that the State was attempting to aggregate several thefts into a single felony, it is clear that defendant was not aware that in order to aggregate those thefts, the State was required to prove that the thefts were in furtherance of a single intention and design. The information in this case, then, did not apprise defendant of the precise offense charged with sufficient specificity to prepare his defense, resulting in prejudice to defendant. Consequently, defendant's conviction for felony retail theft must be reversed.

Our inquiry, however, does not end there. This court recently observed that "state and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of a judgment on a lesser-included offense." *People v. Knaff*,

196 Ill. 2d 460, 477-78 (2001). Here, in addition to challenging the indictment, defendant has also argued that the evidence was not sufficient to support his conviction for felony retail theft over $150. Defendant claims that his felony retail theft conviction must be reduced to the lesser-included offense of misdemeanor retail theft because the State failed to allege or prove that his conduct was in furtherance of a single intention and design. It is well established that a defendant may be convicted of an offense not expressly included in the charging instrument if that offense is a lesser-included offense of the crime expressly charged. *Knaff*, 196 Ill. 2d at 472. In addition, Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615(b)(3)), provides that when a lesser-included offense is involved, a reviewing court has the authority to reduce the degree of the offense of which a defendant was convicted when the evidence fails to prove beyond a reasonable doubt an element of the greater offense.

As a threshhold matter, we note that the parties dispute the proper standard of review concerning this issue. Defendant argues that because the facts of this case are not in dispute, and there is no issue concerning the credibility of witnesses, this issue concerns the purely legal question of whether the uncontested facts show that defendant's conduct satisfied the elements of the offense charged. Accordingly, defendant claims the proper standard of review is *de novo*.

The State responds that there is a question of fact in this case: whether the facts support an inference that defendant acted in furtherance of a single intention and design, so that the appropriate standard of review is reasonable doubt. Under that standard, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. McDonald*, 168 Ill. 2d 420, 443-44 (1995). In that case, a reviewing court will not reverse a criminal conviction unless the evidence is so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of the defendant's guilt. *McDonald*, 168 Ill. 2d at 444.

We need not resolve this issue, however, because, as set forth below, even under the State's more deferential standard of review, we find that the State failed to prove beyond a reasonable doubt that defendant committed the offense of felony retail theft. With regard to

the merits of his claim, defendant argues that the State was required to prove beyond a reasonable doubt that the multiple acts of theft were in furtherance of a single intention or design. Defendant maintains that the State failed to prove this element because there was no evidence that defendant's individual impulses to steal Xbox games were part of a single intention and design. Moreover, the State never argued that defendant's actions were part of a single intention and design, and the trial court never made any reference to the single intention and design element in finding defendant guilty. Consequently, defendant contends that his felony retail theft conviction must be reduced to the lesser-included offense of misdemeanor retail theft.

In addressing this issue, the appellate court stated that the State's failure to properly charge and argue the single intention and design element was "disturbing," but held that the evidence nonetheless supported the inference that defendant acted with a single intention and design. 375 Ill. App. 3d at 429. The appellate court rejected defendant's claim that because the games were taken over a six-week period, the evidence established only that the games were taken as the product of a number of individual impulses. The appellate court stated that:

> "The evidence, though, just as clearly shows that defendant had money troubles and he systematically stole small amounts of money and merchandise from his employer during most of his employment in a manner that was less likely to raise suspicion. Stealing the 15 games all at once or within a couple of days would have been much more noticeable and likely to immediately raise alarm. The evidence supports the inference that defendant stole the 15 games over a period of time with the single intention and design of stealing games he desired without raising too much suspicion. The fact that he was simultaneously stealing games and pocketing money during his short time as an employee supports the inference that he had a single intention and design to steal whatever he could from his employer." 375 Ill. App. 3d at 429.

We disagree with the appellate court. Our review of the record establishes that the evidence was not sufficient to prove beyond a reasonable doubt that defendant committed the offense of felony retail

-13-

theft. With regard to the charged conduct, the stipulated evidence in this case established that defendant stole 15 X-box video games for himself, and that he would just take a game that he wanted. The value of the games taken ranged in price from $17.99 to $49.99, so the State was required to aggregate the thefts in order to prove that the full retail value of the property taken exceeded $150. In order to aggregate those thefts, the State was required to allege and prove that the acts were in furtherance of a single intention and design to obtain the property.

Following presentation of the stipulated evidence, the assistant State's Attorney argued:

> "Your Honor, to be brief, I think Mr. Rowell's written statement, Exhibit C, actually summed up substantially what happened, particularly what is in the charge, the theft of XBOX [*sic*] video games, which he had been keeping for himself. He admitted to the officers and also to the Electronics Boutique employees that he had taken, in the statement, $367 worth of games. The officers recovered those games from Defendant's residence.

> The statement from the employee of Electronics Boutique, Mr. McDonough, gives a sum of a slightly higher amount but meets our burden of proof of $150, and also the observations from the store employee, loss prevention officer, who tried to make the purchase is consistent with the confession by the Defendant, and he should be found guilty in this case."

In response to defense counsel's argument that the State had only proven a "bunch" of misdemeanors and not a felony, the State responded, "Briefly, your Honor, I would point out that right at the beginning of Mr. Rowell's written statement, he said 'during his employment with EB Games'. I think that is somewhat telling on that issue addressed by [defense counsel]."

Absent from the preceding stipulated evidence and argument is any evidence proving that defendant took the games in furtherance of a single intention and design. As defendant argues, the State did not accidentally prove an element that it neither charged nor argued. The State established only that the total value of the games taken exceeded $150, and that the games were taken during the course of

-14-

defendant's employment with Electronics Boutique. The appellate court recognized in *People v. Arbo*, 213 Ill. App. 3d 828, 832 (1991), that the "in furtherance of a single intention and design" element relates to the mental state of the felony retail theft offense. Here, the evidence was not sufficient to establish, by direct or circumstantial evidence, the mental state that defendant acted in furtherance of a single intention and design in stealing the video games. We agree with defendant that, even viewing the evidence in the light most favorable to the prosecution, the State failed to prove beyond a reasonable doubt that defendant acted in furtherance of a single intention and design. The evidence, therefore, was insufficient to sustain a conviction for felony retail theft. However, we do conclude that the evidence was sufficient to find defendant guilty of the lesser-included offense of misdemeanor retail theft. Accordingly, we reduce the degree of defendant's conviction from felony retail theft to misdemeanor retail theft, and remand this cause to the trial court for resentencing on the lesser charge.

Finally, defendant also argues that his felony retail theft conviction must be vacated because the State's entire case was presented by stipulation, and defendant was not personally admonished about the stipulation, nor did the court obtain defendant's personal agreement to the stipulation. In support of this claim, defendant cites this court's decision in *People v. Campbell*, 208 Ill. 2d 203 (2003), contending that *Campbell* requires personal admonishments where the stipulation includes a statement that the evidence is sufficient to convict, or where the State's entire case is to be presented by stipulation. Defendant argues that because the State's entire case was presented by stipulation in this case, and he was not personally admonished about the stipulation, *Campbell* requires reversal of defendant's conviction.

In *Campbell*, this court held that "defense counsel may waive a defendant's right of confrontation as long as the defendant does not object and the decision to stipulate is a matter of trial tactics and strategy." *Campbell*, 208 Ill. 2d at 217. However, "when the State's entire case is to be presented by stipulation *and the defendant does not present or preserve a defense* [citation], or where the stipulation includes a statement that the evidence is sufficient to convict the defendant," the defendant must personally waive his right of

-15-

confrontation. (Emphasis added.) *Campbell*, 208 Ill. 2d at 218. As we explained in *People v. Phillips*, 217 Ill. 2d 270, 283 (2005), *Campbell* "imposed no obligations on the trial court or counsel to admonish the defendant and ensure that the advisement is made a part of the record," except in the preceding instances, when the stipulation is tantamount to a guilty plea.

In the instant case, although the State's entire case was presented by stipulation, defendant did preserve a defense. For that reason, the appellate court held that defendant did not need to be admonished concerning the stipulations. 375 Ill. App. 3d at 434. We agree with the appellate court. Because defendant preserved a defense in this case, *Campbell* did not require the trial court or counsel to admonish defendant and ensure that the stipulation was part of the record.

Defendant, however, points to the concluding language in *Campbell*, where this court stated: "Where the stipulation includes a statement that the evidence is sufficient to convict the defendant or where the State's entire case is to be presented by stipulation, we find that a defendant must be personally admonished about the stipulation and must personally agree to the stipulation." *Campbell*, 208 Ill. 2d at 221. Based upon the preceding language, defendant argues that because the State's entire case was presented by stipulation, the trial court was required to admonish him about the stipulation and obtain his consent. Defendant acknowledges that earlier in the *Campbell* opinion, this court held that admonishments are required where the State's entire case is to be presented by stipulation *and* the defendant does not preserve or present a defense. Nonetheless, defendant argues that the more logical interpretation is that admonishments are required any time the State's entire case is to be presented by stipulation, without regard to whether the defendant preserved or presented a defense.

There is no merit to defendant's claim. To clarify, this court's holding in *Campbell* is that admonishments are required when the State's entire case is presented by stipulation *and* the defendant does not present or preserve a defense. The omission of the additional qualification from the concluding language cited by defendant–that the defendant did not present or preserve a defense–is a simple oversight and does not reflect this court's holding.

## CONCLUSION

For the reasons set forth above, we reverse the judgment of the appellate court, affirming defendant's conviction of felony retail theft, and the judgment of the circuit court. We reduce defendant's conviction from felony retail theft to misdemeanor retail theft, and remand to the circuit court with directions to resentence defendant on the lesser charge.

*Judgments reversed;*
*cause remanded with directions.*