# Illinois Official Reports

## Appellate Court

***People v. Espinoza*, 2014 IL App (3d) 120766**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SANDRO ESPINOZA, Defendant-Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ANGELA DISERA, Defendant-Appellee. |
| District & No. | Third District<br>Docket Nos. 3-12-0766, 3-12-0050 |
| Filed | August 7, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Charges of domestic battery and endangering the life and health of a child were properly dismissed due to their insufficiency, since they identified the victim only as "a minor," and the State refused to amend the charges to identify the victim by his or her initials, even though the identity of the individual victim of a charged offense is an essential allegation of an instrument charging that offense. |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 12-CM-1815, 12-CM-1104; the Hon. Victoria M. Kennison and the Hon. Robert P. Livas, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James Glasgow, State's Attorney, of Joliet (Colleen M. Griffin, Assistant State's Attorney, of counsel), for the People.<br><br>Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellees. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justice Wright concurred in the judgment and opinion.
Justice O'Brien dissented, with opinion.

## OPINION

¶ 1      Defendants Sandro Espinoza and Angela Disera were charged in separate cases with domestic battery and endangering the life and health of a child, respectively. The charging instruments in each case identified the victim only as "a minor." Espinoza was granted a motion to amend the charging instrument, but the State refused to amend the indictment. Disera was provided a bill of particulars under seal, which named the victim, but the State would not identify the victim by his or her initials in the complaint. In both cases, the trial court dismissed the complaints based on their insufficiency. The State appealed.

¶ 2                                              FACTS

¶ 3      Defendant Sandro Espinoza was charged by information with domestic battery. 720 ILCS 5/12-3.2(a)(2) (West 2012). The information stated, "said defendant, knowingly, without legal justification made physical contact of an insulting or provoking nature with a minor, a family or household member, in that said defendant struck a minor about the face." At a bond hearing, the State alleged that the victim, identified as Espinoza's son, sustained a bloody nose. The State sought a "no contact" order, which the trial court entered. The "no contact" order named the victim as "D.E."

¶ 4      At a subsequent plea hearing, despite Espinoza's willingness to enter a guilty plea, defense counsel raised concerns about the sufficiency of the information, which identified the victim only as "a minor." Defense counsel orally moved to amend the complaint, which the trial court denied as an oral motion. However, the trial court also rejected Espinoza's plea, finding it could not accept a plea based on an insufficient complaint. At the same hearing, Espinoza sought a bond reduction and the State set forth a factual basis, which included naming the victim by his initials, D.E.

¶ 5      Espinoza thereafter filed a written motion to amend the charging instrument pursuant to section 111-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-5 (West 2012)), asking the victim to be identified in the information by his initials. The State responded to the motion to amend, arguing that the information complied with the requirements in section 111-3 of the Code (725 ILCS 5/111-3 (West 2012)) and was not deficient. It further argued that Espinoza was not prejudiced by the charging instrument, and that, if he were prejudiced, he could request a bill of particulars. The trial court granted Espinoza's motion to amend the information. The State moved for reconsideration, which the trial court heard and denied. Nevertheless, the State refused to amend the charging instrument. The State asked the court to dismiss the case as a sanction for the State's refusal to comply with the order to amend so that the State could appeal the trial court's ruling. The trial court dismissed the case. The State filed a certificate of substantial impairment and appealed.

¶ 6      Defendant Angela Disera was charged with endangering the life or health of a child. 720 ILCS 5/12-21.6 (West 2010).[1] The information stated, "said defendant willfully caused or permitted the life or health of a minor, a child under the age of 18 years, to be endangered, in that said defendant left the minor child alone at 1350 Sterling, Joliet, Will County, Illinois, without adult supervision." Disera moved for a bill of particulars. 725 ILCS 5/114-2 (West 2012). She argued that the criminal complaint did not name the minor, and because the police reports named five different minors (three of whom were Disera's children), she was unclear about the identity of the "minor" referenced in the information. The State filed a bill of particulars under seal which stated the full name of the minor. However, the State refused to amend the complaint by adding the alleged minor victim's initials. Disera filed a motion to dismiss, which the trial court granted based on the insufficiency of the complaint. The State filed a certificate of substantial impairment and appealed. *People v. Espinoza*, No. 3-12-0766, and *People v. Disera*, No. 3-12-0050, were consolidated on appeal.

¶ 7                                                    ANALYSIS

¶ 8      The issue on appeal is whether the trial court erred when it dismissed both criminal complaints based on the insufficiency of the charging instruments. The State argues that both complaints included the essential elements of the offenses charged and that the trial court erred in dismissing them. We disagree.

¶ 9      A defendant has a fundamental right, as set forth in section 111-3 of the Code, to be informed of the nature and cause of criminal accusations made against him. *People v. Rowell*, 229 Ill. 2d 82, 92-93 (2008); *People v. Nash*, 173 Ill. 2d 423, 428-29 (1996). "If an indictment or information is challenged before trial in a pretrial motion, the indictment or information must strictly comply with the pleading requirements of section 111-3." *Rowell*, 229 Ill. 2d at 93; see also *Nash*, 173 Ill. 2d at 429; *People v. DiLorenzo*, 169 Ill. 2d 318, 321-22 (1996). "If the indictment or information does not strictly comply with the pleading requirements of section 111-3, the proper remedy is dismissal." *Rowell*, 229 Ill. 2d at 93. Accordingly, "[w]hen the sufficiency of a charging instrument is challenged in a pretrial motion, the inquiry upon review is whether the instrument strictly complies with section 111-3." *People v. Swartwout*, 311 Ill. App. 3d 250, 256 (2000). The sufficiency of a charging instrument is a question of law this court reviews *de novo. Id.*

¶ 10     An indictment or information must "[s]et[ ] forth the nature and elements of the offense charged." 725 ILCS 5/111-3 (West 2012). Where an indictment or information charges an offense against persons or property, as here, " 'the name of the person or property injured, if known, must be stated [in the charging instrument], and the allegation must be proved as alleged.' " *People v. Jones*, 53 Ill. 2d 460, 463 (1973) (quoting *People v. Walker*, 7 Ill. 2d 158, 161 (1955)). In other words, where the impact of the crime is "focused more directly upon an individual victim than upon society generally," the identity of the individual victim "is an

_____

[1]The criminal complaint charged Disera with violating "Chapter 720, Section 5/12-21.6, of the Illinois Compiled Statutes 2012." However, the Illinois Compiled Statutes 2012 did not include a section "5/12-21.6" because the offense of endangering the life or health of a child was amended and renumbered as 720 ILCS 5/12C-5. Although these changes did not become effective until January 1, 2013, the 2012 Illinois Compiled Statues already reflected the changes. Thus, for the sake of accuracy, we have cited the 2010 statute above.

essential allegation of an indictment charging that offense" (*Jones*, 53 Ill. 2d at 463), and the failure to identify the victim in the charging instrument renders it deficient (see, *e.g.*, *People v. Luttrell*, 134 Ill. App. 3d 328, 331-32 (1985) (indictment which purported to charge aggravated battery against police officers was insufficient because it failed to identify the individual police officers who were the alleged victims); *Jones*, 53 Ill. 2d at 463-64 (indictment's failure to name victim of alleged armed robbery was a formal defect)).

¶ 11    Although the charging instruments at issue in this case purported to charge crimes committed against individual persons (*i.e.*, domestic battery and endangering the life and health of a minor), neither document contained any information suggestive of the victims' identities. This defect was not cured by the State. When the trial court ordered the State to add the alleged victim's initials to the charging instrument in Espinoza's case, the State refused and asked the trial court to dismiss the charge as a sanction. The State also declined to add the victim's initials to the charging instrument in Disera's case. Under these unusual circumstances, the trial court acted properly in dismissing both criminal complaints.

¶ 12    The State argues that the trial court erred because the defendants cannot show that they were prejudiced by the charging instruments' failure to identify the alleged victims. We disagree. Contrary to the State's suggestion, neither defendant was required to demonstrate prejudice at this stage of the proceedings. "When an indictment or information is attacked *for the first time posttrial*," a defendant must show that "he was prejudiced in the preparation of his defense" in order to obtain reversal of his conviction based upon an error in the charging instrument. (Emphasis added.) *Rowell*, 229 Ill. 2d at 93. However, as noted above, a *pretrial* challenge to the sufficiency of a charging document necessitates strict compliance with the pleading requirement of section 111-3 of the Code. *Id.*; see also *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991). Here, each defendant challenged the sufficiency of the charging instrument before trial. Accordingly, the defendants were entitled to demand strict compliance with the pleading requirements of section 111-3 of the Code without having to show prejudice. *Rowell*, 229 Ill. 2d at 93. Because the charging instruments in this case alleged crimes against individual victims, the identities of those victims were essential allegations that had to be included in the charging instruments. *Jones*, 53 Ill. 2d at 463; *Luttrell*, 134 Ill. App. 3d at 331-32. The State's refusal to include these essential allegations in the charging instruments justified the trial court's dismissal of the charges. See *Rowell*, 229 Ill. 2d at 93.

¶ 13    The State correctly notes that, in *Jones*, our supreme court held that the failure to identify the victim in a charging instrument is a "formal defect" that may be corrected by amendment prior to trial. *Jones*, 53 Ill. 2d at 465. However, in this case, the State never moved to correct the defective charging instruments. To the contrary, when the trial court ordered the State to amend Espinoza's charging instrument by adding the victim's initials, the State refused. The State could have avoided dismissal of the charges in this case by complying with the trial court's order and by adding the victims' names to both charging instruments. The trial court was not required to reward the State's intransigence by allowing it to proceed to trial on a defective charge.

¶ 14    The State also argues that "any claimed deficiencies" in the charging instruments "could be sought through a bill of particulars or found in *** discovery." The State maintains that the traditional requirement that a victim's name be included in an indictment is "outdated" because the role that a charging instrument plays in notifying the defendant of the charges against him and in preventing a subsequent prosecution on the same charge has decreased due to the

availability of these devices. In support of this argument, the State cites *People v. Gilmore*, 63 Ill. 2d 23, 30 (1976), which observed that "a prior prosecution on the same facts may now be proved by resort to the record" (internal quotation marks omitted), and *Jones*, 53 Ill. 2d at 464, which noted that the liberalization of criminal pleading reflects "a lessening in importance of the indictment's secondary functions" and that "[t]he indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense." However, these considerations do not support the State's argument in this case. When challenging the sufficiency of a charging instrument before trial, a defendant is entitled to demand strict compliance with the pleading requirements of section 111-3 of the Code regardless of whether the missing information at issue is available through other means.[2] Section 111-3 requires a charging instrument to "[s]et[ ] forth the nature and elements of the offense charged." 725 ILCS 5/111-3 (West 2012). As noted, the charging instruments in this case did not satisfy that requirement.

¶ 15    Our supreme court has never held or implied that the charging instrument no longer plays an important role in informing a defendant of the nature of the charges against him. Rather, it has merely noted that the charging instrument is no longer the *exclusive* means through which a defendant may obtain information about the charge. *Gilmore*, 63 Ill. 2d at 30; *Jones*, 53 Ill. 2d at 464. Accordingly, the *Jones* court held that a charging instrument's failure to identify the alleged victim was a formal defect that was subject to correction by amendment rather than a substantial defect barring amendment and requiring automatic dismissal. *Jones*, 53 Ill. 2d at 465. In so ruling, however, our supreme court confirmed that a charging instrument which alleges the commission of a crime against a particular person but fails to identify the victim is defective and in need of correction. *Id.* As noted, the State refused to correct the defective indictments in this case.

¶ 16    Finally, the State argues that its refusal to include the minor victims' initials in the charging instruments was justified on public policy grounds. In support of this argument, the State cites statutes in other states which ban the disclosure of the identities of child victims of certain crimes in any public document, including charging instruments. However, Illinois has not enacted a similar statute, and it is the province of the legislature, not this court or the

        [2]For this reason, *Gilmore*, *People v. Mahoney*, 18 Ill. App. 3d 518 (1974), and other cases cited by the State are inapposite. In each of those cases, the defendant challenged the sufficiency of the indictment for the first time *on appeal*. To obtain a reversal of a conviction under those circumstances, a defendant must show that the lack of specificity in the charging instrument rendered him unable to "prepare his defense" or to "plead[ ] a resulting conviction as a bar to future prosecution arising out of the same conduct." *Gilmore*, 63 Ill. 2d at 29. As noted, however, a defendant need not make such a showing if, as here, he or she challenges the sufficiency of a charging instrument *before trial*. *Rowell*, 229 Ill. 2d at 93. For the same reason, the cases upon which the dissent principally relies (*People v. Raby*, 40 Ill. 2d 392 (1968), and *People v. De Kosta*, 132 Ill. App. 2d 691 (1971)) do not support the State's argument in this case. In each of those cases, there is no suggestion that the defendant challenged the sufficiency of the criminal complaint prior to the appeal. Moreover, each of those cases was decided prior to *Jones*. Further, *De Kosta* relied upon *People v. Crouch*, 29 Ill. 2d 485, 485-86 (1963), which was distinguished by *Jones* on the ground that the crime charged in *Crouch* (fraud) did not involve danger to a particular person as part of the "essence" of the offense. *Jones*, 53 Ill. 2d at 463. The crimes charged in this case, like the armed robbery charged in *Jones*, involved danger and physical harm to particular victims.

prosecutor, to prescribe such a policy. Moreover, we note that the New Jersey statute cited by the State allows the inclusion of a child victim's initials in a charging instrument. See N.J. Stat. Ann. § 2A:82-46 (West 2004). This procedure (which is all that the defendants initially requested in this case) would have satisfied the requirements of section 111-3 of the Code while adequately protecting the alleged victims' privacy.

¶ 17                                CONCLUSION

¶ 18        For the foregoing reasons, we affirm the judgments of the circuit court of Will County.

¶ 19        Affirmed.

¶ 20        JUSTICE O'BRIEN, dissenting.

¶ 21        I respectfully dissent. In *People v. Walker*, the Illinois Supreme Court set forth the rationale and the requirements necessary to comply with what is now section 111-3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3 (West 2012)). *People v. Walker*, 7 Ill. 2d 158 (1955). The majority relies on a portion of the *Walker* opinion, namely, "the name of the person or property injured, if known, must be stated [in the charging instrument], and the allegation must be proved as alleged," but ignores the remainder of the *Walker* court's pronouncement that, "[p]roof of the Christian name is unnecessary, however, where the facts in evidence leave no doubt as to the identity of the person." *Walker*, 7 Ill. 2d at 161 (citing *People v. Smith*, 341 Ill. 649, 652 (1930)).

¶ 22        The *Walker* court explained the purpose of the pleading requirements is to protect the accused against double jeopardy. *Walker*, 7 Ill. 2d at 161-62. In 1973, 18 years after the *Walker* decision, the Illinois Supreme Court in *People v. Jones*, 53 Ill. 2d 460, 464 (1973), explained:

> "The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. Similarly, the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record."

The *Jones* court thus recognized a charging instrument is not necessarily defective for failing to identify the victim by name. In fact, the *Jones* case is distinguishable from the instant cases because in *Jones*, the victim was misidentified, not unidentified by name as in the instant indictments.

¶ 23        The facts in the instant cases are more analogous to *People v. De Kosta*, 132 Ill. App. 2d 691, 695 (1971), where the reviewing court found that a complaint charging the defendant with reckless conduct that failed to name a specific victim was not insufficient. *De Kosta* relied on *People v. Raby*, 40 Ill. 2d 392, 399 (1968), in which the complaint there identified the victims of the defendant's disorderly conduct as " 'other persons' " and " 'another.' " *De Kosta*, 132 Ill. App. 2d at 694-95. The *Raby* court determined the complaint was sufficient because it adequately informed the defendant of the nature of the offense. *De Kosta*, 132 Ill. App. 2d at 694-95 (citing *Raby*, 40 Ill. 2d at 399-400). The *De Kosta* court also looked at *People v. Crouch*, 29 Ill. 2d 485, 485-86 (1963), where the indictment for forgery did not specify a victim. The court in *Crouch* examined the gist of the offense and determined that the identity of the defrauded party does not need to be specified. *De Kosta*, 132 Ill. App. 2d at 695 (citing

*Crouch*, 29 Ill. 2d at 488). Relying on *Raby* and *Crouch*, the reviewing court concluded that the victim's identity was not an element of the offense. *De Kosta*, 132 Ill. App. 2d at 695.

¶ 24    The changes in criminal discovery rules from the middle of the last century to today have eliminated much of the reliance on the indictment as the safeguard against a defendant being tried twice for the same offense. Additionally, the changes in criminal discovery rules allow the defendant access to much more information to aid in the preparation of a defense. The effect of those changes being that, as contemplated by *Jones* and *Walker*, the omission of the names of the victims does not render the charging instruments here defective.

¶ 25    For those reasons, I would reverse the decision of the trial court.