# Illinois Official Reports

## Supreme Court

---

### *People v. Espinoza*, 2015 IL 118218

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SANDRO ESPINOZA, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ANGELA DISERA, Appellee. |
| Docket No. | 118218 |
| Filed | December 3, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Will County, the Hon. Victoria Kennison and the Hon. Robert P. Livas, Judges, presiding. |
| Judgment | Appellate court judgment affirmed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and James W. Glasgow, State's Attorney, of Joliet (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Jean M. Godfrey, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| | Michael J. Pelletier, State Appellate Defender, Peter A. Carusona, Deputy Defender, and Lucas J. Walker, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Ottawa, for appellees. |
| Justices | JUSTICE THOMAS delivered the judgment of the court, with opinion. |
| | Chief Justice Garman and Justices Freeman, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1     At issue in this case is whether a charging instrument that identifies the victim simply as "a minor" is sufficient pursuant to section 111-3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3 (West 2012)). In two separate criminal cases, the trial courts dismissed criminal complaints based upon the insufficiency of the charging instruments, where those charging instruments identified the victims only as "a minor." The cases were consolidated on appeal. The appellate court, with one justice dissenting, affirmed. 2014 IL App (3d) 120766. This court allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Jan. 1, 2015). For the reasons that follow, we affirm the appellate court.

¶ 2                                    BACKGROUND

¶ 3     On June 12, 2013, the State filed an information charging defendant Sandro Espinoza with domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2012)). The information stated that, "said defendant, knowingly, without legal justification made physical contact of an insulting or provoking nature with a minor, a family or household member, in that said defendant struck the minor about the face, in violation of Chapter 720, Section 5/12-3.2(a)(2), of the Illinois Compiled Statutes, 2012." At Espinoza's bond hearing, the State indicated that the victim was defendant's son, who sustained a bloody nose. The trial court of Will County granted the State's request for a no contact order, admonishing defendant that, as a condition of his bond, he was to have no contact with the minor, D.E.

¶ 4     At a subsequent pretrial hearing, defense counsel indicated that Espinoza wanted to plead guilty and accept the State's plea offer. However, defense counsel also noted his concern that there were no identifiers in the complaint, and orally moved to amend the charging instrument. The trial court declined to consider the oral motion and directed defense counsel to file a written motion. The trial court also declined to accept Espinoza's guilty plea to a complaint that was defective on its face.

¶ 5     Espinoza then filed a motion to amend the charging instrument, alleging that the victim of the offense was identified as a minor, which was a formal defect in the charging instrument, because the identity of the victim is an essential element that must be pled. Espinoza alleged that pursuant to section 111-5 of the Code, a charge may be amended by the State or the defendant at any time because of formal defects. 725 ILCS 5/111-5 (West 2012). Further, the formal defect in the case could be cured by identifying the victim in the complaint as D.E.

¶ 6     The State denied that the complaint was defective. The State argued that Espinoza was not prejudiced by the charging instrument, as full discovery had been tendered which included the full name of the minor victim, so that Espinoza could fully prepare his defense and would not be surprised at trial. The State noted that minors who are victims in juvenile proceedings are provided confidentiality regarding disclosure of identity, as evinced in section 5-901(3) of the Juvenile Court Act of 1987 (705 ILCS 405/5-901(3) (West 2012)). The State claimed that victims who are minors should be provided the same confidentiality.

¶ 7     The trial court found the charging instrument defective and granted Espinoza's motion. The trial court ordered the State to amend the complaint. The State filed a motion to reconsider, which the trial court denied. The State then declined to amend the criminal

complaint and asked the court to dismiss the complaint as a sanction for its refusal. The trial court therefore dismissed the complaint.

¶ 8        Defendant Angela Disera was charged with endangering the life or health of a child (720 ILCS 5/12C-5 (West 2012)). Specifically, the criminal complaint alleged that Disera committed the offense of endangering the life or health of a child "in that, said defendant willfully caused or permitted the life or health of a minor, a child under the age of 18 years, to be endangered, in that said defendant left the minor child alone at 1350 Sterling, Joliet, Will County, Illinois, without adult supervision."

¶ 9        Disera filed a motion for a bill of particulars, noting that the complaint did not provide the name of the minor in question, nor did it provide any other identifying information about the minor. Disera observed that the police report named five different minors under the age of 18, three of whom allegedly were Disera's children. Given the ambiguity in the complaint, Disera was unable to discern the identity of the complaining witness. The State responded by filing a bill of particulars under seal which stated the full name of the minor. Disera subsequently filed a motion to dismiss on the ground that the State had not amended the criminal complaint to identify the minor. The circuit court of Will County granted Disera's motion to dismiss based on the insufficiency of the complaint. The State then filed a certificate of substantial impairment and a notice of appeal.

¶ 10       *People v. Espinoza* and *People v. Disera* were consolidated on appeal. As noted, the appellate court, with one justice dissenting, affirmed the trial courts. 2014 IL App (3d) 120766. The majority noted that where an indictment or information charges an offense against persons or property, the name of the person or property injured, if known, must be stated in the charging instrument and the allegation must be proved as alleged. *Id.* ¶ 10. In the cases before it, the charging instruments at issue charged crimes committed against individual persons, but neither charging instrument contained any information suggesting the victims' identities. *Id.* ¶ 11. Further, the State declined to cure the defects in the charging instruments. Under the circumstances, the trial courts acted properly in dismissing both criminal complaints. *Id.*

¶ 11       The majority also rejected the State's claim that the trial courts erred because neither defendant could show that they were prejudiced by the failure to identify the alleged victims in the charging instruments. The majority observed that a pretrial challenge to the sufficiency of a charging instrument requires strict compliance with section 111-3 of the Code. *Id.* ¶ 12. Because the defendants each challenged the sufficiency of the charging instruments before trial, the defendants were entitled to demand strict compliance with section 111-3, and did not need to show prejudice. *Id.*

¶ 12       The majority next rejected the State's claim it was not required to amend the charging instruments because any deficiencies in the charging instruments could be sought through a bill of particulars or through discovery. Although a charging instrument is no longer the exclusive means through which a defendant may obtain information concerning the charge against him, the majority noted that "[o]ur supreme court has never held or implied that the charging instrument no longer plays an important role in informing a defendant of the nature of the charges against him." *Id.* ¶ 15. Finally, the majority rejected the State's claim that its refusal to include the minor victims' initials in the charging instrument was justified on public policy grounds. *Id.* ¶ 16.

¶ 13      The dissenting justice would have held that the omission of the victims' names did not render the charging instruments defective. *Id.* ¶ 24 (O'Brien, J., dissenting). The dissent would find that changes in criminal discovery rules eliminated much of the reliance on the indictment as a safeguard against a defendant being tried twice for the same offense. *Id.* Likewise, the changes in criminal discovery rules allowed a defendant access to much more information to aid in the preparation of a defense. *Id.* Given those changes, the dissent would find that the trial courts erred in dismissing the criminal complaints in these cases.

¶ 14                                              ANALYSIS
¶ 15      At issue in this case is the sufficiency of the charging instruments. As set forth in section 111-3 of the Code, a defendant has a fundamental right to be informed of the nature and cause of criminal accusations made against him. *People v. Rowell*, 229 Ill. 2d 82, 92-93 (2008). Section 111-3(a) provides:

> "(a) A charge shall be in writing and allege the commission of an offense by:
>> (1) Stating the name of the offense;
>> (2) Citing the statutory provision alleged to have been violated;
>> (3) Setting forth the nature and elements of the offense charged;
>> (4) Stating the date and county of the offense as definitely as can be done; and
>> (5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." 725 ILCS 5/111-3(a) (West 2012).

This issue presents a question of law, so our review is *de novo*. *Rowell*, 229 Ill. 2d at 92.
¶ 16      The State first argues that the charging instruments at issue strictly complied with section 111-3 and that the omission of the victims' identities did not render the charging instruments deficient. The State points out that both charging instruments set forth the name of the offense, the statute violated, the elements of the offense, the date and county of the offense, and the name of the accused. The State asserts that identifying the victim is not required under section 111-3, nor is the name of the victim an element of the offense of domestic battery or endangering the life or health of a child.
¶ 17      Although neither section 111-3 nor the respective criminal code sections expressly state that the name of the victim is an element of the offense, it is well settled that "[w]here an indictment charges an offense either against persons or property, the name of the person or property injured, if known, must be stated, and the allegation must be proved as alleged." *People v. Walker*, 7 Ill. 2d 158, 161 (1955). The purpose of alleging the name of the person or property injured is to enable the accused to plead either a formal acquittal or conviction under the indictment in the event of a second prosecution for the same offense. *Id.* Because the requirement is founded upon the protection of the right of the accused against double jeopardy, it is a substantial requirement designed to safeguard a constitutional right and is not a mere technical rule. *Id.* at 161-62.
¶ 18      In *People v. Jones*, 53 Ill. 2d 460 (1973), the court reiterated the holding in *Walker*. In *Jones*, the State argued that proof of the identity of an armed robbery victim was not an essential element of the crime charged and need not be alleged in the indictment. The *Jones* court disagreed, distinguishing cases finding that the identity of "victims" of forgery and the

sale of narcotics were not necessary allegations in the individual indictments. In contrast to those cases, the *Jones* court observed that armed robbery is a crime whose impact is focused more directly upon an individual victim than upon society in general, because danger to the person and the taking of property are the essence of the crime. *Id.* at 463. Therefore, the identity of the armed robbery victim was an essential allegation of an indictment charging that offense.

¶ 19    We further note that the legislature's recent amendment to section 111-3 indicates that the legislature has acquiesced in this court's jurisprudence concerning charging instruments. Effective January 1, 2014, the legislature added section 111-3(a-5) to the statute. That section states:

> "(a–5) If the victim is alleged to have been subjected to an offense involving an illegal sexual act including, but not limited to, a sexual offense defined in Article 11 or Section 10–9 of the Criminal Code of 2012, the charge shall state the identity of the victim by name, initials, or description." 725 ILCS 5/111-3(a-5) (West 2014).

Recognizing that established case law requires the name of the person injured, if known, to be alleged in the charging instrument when the offense charged is against a person, the legislature added section 111-3(a-5) to permit the State to use alternative methods of identification with regard to the specified offenses in order to protect the victims of the specified crimes.

¶ 20    As the appellate court correctly found, then, where an offense charged is against a person or property, the name of the person or property injured, if known, is an element of the offense that must be alleged in the charging instrument pursuant to section 111-3. 725 ILCS 5/111-3 (West 2012). Here, defendant Espinoza was charged with domestic battery, and defendant Disera was charged with endangering the life or health of a child. Both domestic battery and endangering the life or health of a child are crimes on which the impact is focused upon an individual. Accordingly, the identity of the victims was an essential allegation of the charging instruments. Consequently, the lower courts were correct that the State was required to include the names of the victims in each charging instrument in order to comply with section 111-3.

¶ 21    The State then argues that omission of the minor victims' names from the charging instruments at issue were formal defects under section 111-5 of the Code that may be corrected by amendment prior to trial. The State admits that it refused to amend the charging instruments to correct the defects prior to trial, but argues that dismissal of the charging instruments was unwarranted because defendants conceded they suffered no prejudice or surprise.

¶ 22    Section 111-5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-5 (West 2012)), provides:

> "An indictment, information or complaint which charges the commission of an offense in accordance with Section 111–3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects ***." 725 ILCS 5/111-5 (West 2012).

¶ 23    The State is correct that *Jones* held that a misstatement concerning the identity of the victim of an offense against a person is a formal defect that may be amended pursuant to section 111-5. The timing of a challenge to a charging instrument determines whether a

defendant must show that he was prejudiced by a defect in the charging instrument. When an indictment or information is attacked for the first time posttrial, a defendant must show that he was prejudiced in the preparation of his defense. *Rowell*, 229 Ill. 2d at 93. However, when an indictment or information is challenged before trial, the indictment or information must strictly comply with the pleading requirements of section 111-3. *Id.* If the indictment or information does not strictly comply with the pleading requirements of section 111-3, the proper remedy is dismissal. *Id.*

¶ 24    The State has cited *People v. Mahoney*, 18 Ill. App. 3d 518 (1974), and *People v. Santiago*, 279 Ill. App. 3d 749 (1996), as directly supporting its claim that omission of a victim's name from a charging instrument, when the victim's identity is an essential element of the offense, does not render the charging instrument deficient absent prejudice or surprise. Those cases, however, are completely distinguishable, as the defendants in those cases challenged the charging instruments for the first time posttrial. In these cases, the charging instruments were challenged prior to trial, so the charging instruments were required to strictly comply with section 111-3. Given the timing of defendants' challenges to the charging instruments, the defendants were not required to show that they were prejudiced by the defects in the charging instruments. Accordingly, the trial courts properly dismissed the charging instruments against defendants for failure to comply with the pleading requirements of section 111-3.

¶ 25    The State next argues in the alternative that this court should overrule the holding in *Jones* that the victim's identity is an essential allegation of an instrument charging a crime against an individual. The State claims that a departure from *stare decisis* is warranted because: the law holding that a victim's identity is an essential allegation is poorly reasoned and arbitrary; online court records subject victims to widespread public disclosure and potential invasions of privacy; and identifying the victim in a charging instrument is unnecessary to provide defendants with notice and to safeguard against double jeopardy.

¶ 26    "The doctrine of *stare decisis* 'expresses the policy of the courts to stand by precedents and not to disturb settled points.' " *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004) (quoting *Neff v. George*, 364 Ill. 306, 308-09 (1936), *overruled on other grounds by Tuthill v. Rendelman*, 387 Ill. 321 (1944)). When a question has been deliberately examined and decided, the question should be considered settled and closed to further argument. *People v. Williams*, 235 Ill. 2d 286, 294 (2009). *Stare decisis* is the means by which courts ensure that the law will develop in a principled and intelligible fashion and will not merely change erratically. *Chicago Bar Ass'n v. Illinois State Board of Elections*, 161 Ill. 2d 502, 510 (1994).

¶ 27    This case involves the statutory construction of section 111-3 of the Code. 725 ILCS 5/111-3 (West 2012). The Illinois Supreme Court has interpreted section 111-3 as requiring an indictment charging an offense either against persons or property to state the name of the person or property injured, if known. When the legislature chooses not to amend a statute following a judicial construction, it will be presumed that the legislature has acquiesced in the court's statement of the legislative intent. *Blount v. Stroud*, 232 Ill. 2d 302, 324 (2009). That presumption, however, is a jurisprudential principle and not a rule of law. *Id.* at 324-25.

¶ 28    As discussed, however, with regard to section 111-3, the supreme court's interpretation is supported by the legislature's amendment to section 111-3. Pub. Act 98-416 (eff. Jan. 1, 2014). That amendment, which added section 111-3(a-5), would be completely unnecessary

if the identity of the victim was not an element of an offense against a person. Section 111-3(a-5) acknowledges that a charge concerning an offense against a person, specifically an offense involving an illegal sexual act, must state the identity of the victim. The legislature therefore provided alternative methods of identification with regard to such offenses.

¶ 29    In addressing the State's *stare decisis* argument, we note that, in the context of statutory construction, "*stare decisis* considerations are at their apex." *Williams*, 235 Ill. 2d at 295. Considerations of *stare decisis* weigh more heavily in the area of statutory construction than in the common law because a departure from a statutory construction "amounts to an amendment of the statute itself rather than simply a change in the thinking of the judiciary with respect to common law concepts which are properly under its control." *Froud v. Celotex Corp.*, 98 Ill. 2d 324, 336 (1983).

¶ 30    *Stare decisis*, however, is not an inexorable command. *Vitro*, 209 Ill. 2d at 82. Any departure from *stare decisis* must be specially justified, and prior decisions should not be overruled absent good cause or compelling reasons. *Id.* Good cause exists "when governing decisions are unworkable or badly reasoned." *People v. Colon*, 225 Ill. 2d 125, 146 (2007). "In general, a settled rule of law that does not contravene a statute or constitutional principle should be followed unless doing so is likely to result in serious detriment prejudicial to public interests." *Id.*

¶ 31    The State has failed to demonstrate good cause or compelling reasons to depart from *stare decisis*. As noted, the State claims that departure from *stare decisis* is warranted because the case law holding that a victim's identity is an essential allegation of a charging instrument is poorly reasoned and arbitrary. The State's argument on this point is difficult to follow. The State asserts that a finding that the identification of the victim in a charging instrument is a formality that may be amended pursuant to section 111-5 contradicts the holding that the identity of the victim is an essential allegation in the charging instrument. The State does not further develop this argument.

¶ 32    In making this argument, the State contends that the 1955 *Walker* decision (*People v. Walker*, 7 Ill. 2d 158 (1955)) was the first Illinois Supreme Court case to address identification of a victim in the indictment. The State is incorrect.

¶ 33    As defendants point out, for more than 170 years, Illinois Supreme Court case law has held that charging instruments must identify the victim when the defendant is charged with an offense against a person. Defendants note that in 1837, well before the 1964 enactment of section 111-3, the Illinois Supreme Court found "it is well settled, that, in indictments for offences against the persons or property of individuals, the Christian and sur-names of the parties injured, must be stated, if the injured party be known." *Willis v. People*, 2 Ill. 399, 401 (1837). That holding has been consistently reaffirmed. See *People v. Novotny*, 305 Ill. 549 (1922); *People v. Smith*, 341 Ill. 649 (1930); *People v. Allen*, 368 Ill. 368 (1937); *People v. Flaherty*, 396 Ill. 304 (1947); *People v. Cheney*, 405 Ill. 258 (1950); *People v. Nelson*, 17 Ill. 2d 509 (1959).

¶ 34    In 1964, section 111-3 of the Code was enacted. As discussed, section 111-3 did not expressly state that a charging instrument must state the name of the person or property injured when the indictment charges an offense against persons or property. However, when statutes are enacted after judicial opinions are published, it must be presumed that the

legislature acted with knowledge of the prevailing case law. *Burrell v. Southern Truss*, 176 Ill. 2d 171, 176 (1997). That the legislature acted with knowledge of the prevailing law is confirmed by section 111-3(a-5). As discussed, *supra*, section 111-3(a-5) recognizes an offense against a person, in that instance an offense involving an illegal sexual act, must state the identity of the victim. We cannot say that 170 years of case law, which includes more than 50 years of statutory construction, can be considered poorly reasoned and arbitrary precedent.

¶ 35    The State next argues that this court should depart from *stare decisis* because "identification of the victim in a charging instrument is an antiquated formality unnecessary to fulfill defendants' constitutional right to notice of the charged offense or to safeguard against future prosecutions for the same offense." In support of this claim, the State points to *Jones*, where the court stated that:

> "The liberalization of criminal pleading also reflects a lessening in importance of the indictment's secondary functions. The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. Similarly, the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record. [Citation.] The primary safeguard of indictment by grand jury, which remains secured to criminal defendants, is to protect individuals from the caprice of the public prosecutor." *Jones*, 53 Ill. 2d at 464.

¶ 36    The State seizes upon the preceding quotation from the *Jones* decision in support of its claim that a charging instrument need not identify the victim. The discussion of the liberalization of criminal pleading in the *Jones* court, however, was directed to its finding that the misstatement of the victim's identity in the indictment was a formal defect that could be amended. *Jones* did not hold that the identity of the victim need not be included in a charging instrument alleging an offense against persons or property nor did *Jones* diminish the importance of the charging instrument.

¶ 37    In fact, subsequent to *Jones*, this court has continued to reinforce the importance of the charging instrument. As explained in *People v. Meyers*, 158 Ill. 2d 46, 51 (1994):

> "A defendant has the fundamental right, under both the Federal (U.S. Const., amend. VI) and the State Constitutions (Ill. Const. 1970, art. I, § 8), to be informed of the 'nature and cause' of criminal accusations made against him. In Illinois, this general right is given substance by section 111–3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 111–3(a)). Section 111–3 is 'designed to inform the accused of the nature of the offense with which he is charged so that he may prepare a defense and to assure that the charged offense may serve as a bar to subsequent prosecution arising out of the same conduct.' *People v. Simmons* (1982), 93 Ill. 2d 94, 99-100."

¶ 38    Likewise, the court in *People v. Baldwin*, 199 Ill. 2d 1, 12-13 (2002), held:

> "It is well settled that due process requires that a charging instrument adequately notify a defendant of the offense charged with sufficient specificity to enable a proper defense. [Citations.] A person's right to reasonable notice of a charge and an opportunity to mount a defense in court is basic in our system of jurisprudence. [Citation.] One of the oldest and most fundamental components of due process is the

general rule that criminal proceedings be initiated by an information or indictment containing:

> 'all the facts and circumstances which constitute the offense, ... stated with such certainty and precision, that the defendant ... may be enabled to determine the species of offense they constitute, in order that he may prepare his defence accordingly ... and that there may be no doubt as to the judgment which should be given, if the defendant be convicted.' J. Archbold, Pleading and Evidence in Criminal Cases 44 (15th ed. 1862)."

¶ 39    Given the Illinois Supreme Court's recognition of the continuing importance of the charging instrument, we find no merit to the State's claim that requiring the State to identify the victim in a charging instrument as an element of an offense against a person or property is an "antiquated formality" which justifies a departure from *stare decisis*. The State's general claims of "antiquated formalities" do not establish good cause or compelling reasons to abandon precedent.

¶ 40    Moreover, we note that the State effectively is asking this court to amend section 111-3 to eliminate the requirement that the victim's identity must be alleged in a charging instrument when the charging instrument alleges an offense against a person or property. We decline to do so as we see no reason to depart from well-established precedent in order to adopt the State's position. In addition, as discussed, in enacting section 111-3(a-5), the legislature recently reaffirmed that the identity of the victim is an element of an offense against a person. 725 ILCS 5/111-3(a-5) (West 2014). Adopting the State's position would render section 111-3(a-5) void. This court must avoid an interpretation that would render any portion of a statute meaningless or void. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232 (2001).

¶ 41    Finally, the State argues that departure from *stare decisis* is warranted based upon the public policy objective of protecting minor victims' privacy interests. The State notes that a departure from *stare decisis* is warranted when following a settled rule of law "is likely to result in serious detriment prejudicial to public interests." *People v. Colon*, 225 Ill. 2d 125, 146 (2007). The State claims that identification of the minor victims' names in the charging instruments, which are available to the public, would violate the minors' rights to privacy and potentially subject them to ridicule or embarrassment. The State further contends that use of the minor victims' initials in the charging instruments would not adequately protect the victims' privacy. The State maintains that a minor victim must be identified only as a "minor" in a charging instrument in order to shield the minor victim from harmful public exposure and to protect the minor's privacy interests.

¶ 42    Somewhat inexplicably, the State points to the recently enacted section 111-3(a-5) in support of its claim that a minor victim must be identified only as a "minor" in the charging instrument. The State notes that section 111-3(a-5) provides that if a charging instrument alleges an offense involving an illegal sexual act, the charging instrument can identify the victim by name, by initials, or by description. The State argues that permitting the use of initials or other description to identify the victims of sexual assault in a charging instrument demonstrates that flexibility of the pleading requirements in section 111-3(a) is justified to protect the privacy interests of vulnerable victims.

¶ 43    Section 111-3(a-5) does not support the State's argument. Although section 111-3(a-5) allows identification of a victim of an illegal sexual act by name, initials or description, section 111-3(a-5) does not state that there need not be *any* identification of the victim whatsoever, which is the State's position. Rather, the legislature deemed the alternatives set forth in section 111-3(a-5) sufficient to protect a victim, while also protecting a defendant's rights. In discussing House Bill 2471, which added section 111-3(a-5), Representative Cassidy explained:

> " 'House Bill 2471 is a joint initiative of the Cook County State's Attorneys Office as well as advocates for victims of sexual assault and human trafficking. This will provide an opportunity at an earlier point in a case for a victim's private identifying information to be protected from public dissemination and allow the prosecutors to create a charging instrument with... without the victim's full name on it. Of course, in discovery all of it... all the information is available to the... to the defendant, so the defendant's rights are protected.' " 98th Ill. Gen. Assem., House Proceedings, Apr. 10, 2013, at 103-04 (statements of Representative Cassidy).

¶ 44    The State has failed to persuade this court that minor victims of nonsexual offenses should be provided greater protections than those provided to victims of illegal sexual acts. As noted, in this case, the State refused to amend the charging instruments at issue to state the name of the victims, the initials of the victims, or any description at all other than "a minor." Further, to the extent that the State is asking this court to depart from *stare decisis* based upon public policy considerations, these considerations are better left to the legislature and not this court. "The primary expression of Illinois public and social policy should emanate from the legislature." *Charles v. Seigfried*, 165 Ill. 2d 482, 493 (1995).

¶ 45    Pursuant to section 111-3, the State was required to identify the victims in the charging instruments at issue. Because the State failed to amend the charging instruments to strictly comply with section 111-3 prior to trial, the trial courts properly dismissed those charging instruments. Moreover, the State has failed to set forth any good cause or compelling reason to justify departing from *stare decisis* in these cases. For these reasons, the judgment of the appellate court is affirmed.

¶ 46    Appellate court judgment affirmed.