NOTICE

Decision filed 05/15/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160552-U

NO. 5-16-0552

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 03-CF-105 |
| | ) | |
| | ) | |
| CALVIN R. BROWN, | ) | Honorable |
| | ) | Allan F. Lolie, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Presiding Justice Welch and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court properly denied the defendant's motion for leave to file a successive postconviction petition because the defendant lacked standing to seek postconviction relief where he had fully served his sentence. Additionally, the defendant did not argue that he was prejudiced in presenting a defense because of the final amended information's failure to name the victim of the crime with which the defendant was charged, and the defendant waived all issues regarding the charging instrument by pleading guilty.

¶ 2    The defendant, Calvin R. Brown, appeals the circuit court's denial of his motion for leave to file a successive postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a motion seeking to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). The defendant was given proper notice and

1

granted an extension of time to file briefs, objections, or any other document supporting his appeal. The defendant did not file a response. We considered OSAD's motion to withdraw as counsel on appeal. We examined the entire record on appeal and found no error or potential grounds for appeal. For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of Marion County.

¶ 3                                    BACKGROUND

¶ 4      On April 29, 2003, the State charged the defendant by information with one count of aggravated battery with a firearm and one count of armed violence. In the aggravated battery count, the State charged that the defendant "by means of the discharging of a firearm caused an injury to Brandon Engelkins." In the armed violence count the State charged that the defendant "fired a semi-automatic handgun and struck Brandon Engelkins in the shoulder." In an initial appearance on the same day, the circuit court read the charges to the defendant and inquired of the defendant if he understood the charges. He stated that he understood. The State also named Engelkins as the victim of the charged crimes when it presented the factual basis to show probable cause. On May 20, 2003, the State filed an amended information that again named Brandon Engelkins as the victim in each count. At a hearing on August 7, 2003, the court again informed the defendant that the alleged victim of the crimes with which he was charged was Brandon Engelkins.

¶ 5      On August 26, 2003, the State again amended the information. The amended information contained only one count: aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1) (West 2002)), a Class 1 felony. In the amended information Brandon Englekins's name was not used. Instead the amended information merely charged that the defendant "discharge[d] a firearm in the direction of another person."

¶ 6     The defendant pleaded guilty, and on September 24, 2003, the court sentenced the defendant to four years of intensive probation. The defendant later violated his probation, and probation was revoked.

¶ 7     On May 20, 2004, the court sentenced the defendant to six years' incarceration with the Illinois Department of Corrections for committing aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1) (West 2002)). The mittimus did not indicate what the term of mandatory supervised release was. According the statutes then in effect, the defendant was required to serve a two-year term of mandatory supervised release. 730 ILCS 5/5-8-1(d)(2) (West 2002). With no credit for time served or good-time credit, the last day the defendant could have been in custody on the underlying conviction in this case would have been May 20, 2012. Additionally, the defendant admitted in his motion for leave that he was not in the custody of Illinois.

¶ 8     On September 6, 2005, the defendant filed a postconviction petition. The trial court summarily dismissed the petition as frivolous and patently without merit.

¶ 9     Sometime between the time when the defendant finished serving his sentence in this case and the time he filed the motion for leave at issue in this appeal, the defendant was convicted of a federal crime and sentenced to an enhanced sentence of incarceration in federal prison. The sentence in that case was enhanced, at least in part, due to the defendant's conviction underlying this appeal.

¶ 10     On October 17, 2016, the defendant filed a motion for leave to file a successive postconviction petition. The defendant alleged that his due process rights were violated because the amended information did not name the alleged victim of the crime for which he was charged. He relied on *People v. Espinoza*, 2015 IL 118218, and the fact that *Espinoza* was recently decided to support of his claims and to establish cause for not previously raising this argument. The

3

defendant further alleged that this flaw in the amended information made him actually innocent and his conviction void. The defendant also argued that he was in custody for purposes of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) because he was currently serving a federal sentence that was enhanced due to the conviction in this case. The defendant also claimed that the improper charging instrument rendered his plea unknowing, unintelligent, and involuntary.

¶ 11    The trial court denied the defendant's motion for leave, and the defendant now appeals.

¶ 12                                ANALYSIS

¶ 13    The Act allows state prisoners to "assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution." *People v. Coleman*, 183 Ill. 2d 366, 379 (1998). The Act provides a three-stage process for dealing with postconviction petitions. *People v. Tate*, 2012 IL 112214, ¶ 9. "At the first stage, the circuit court must independently review the petition, taking the allegations as true, and determine whether the petition is frivolous or is patently without merit. [Citation.] A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Id.*

¶ 14    If the petition is not dismissed as being frivolous and patently without merit the circuit court dockets the petition for second stage proceedings and may appoint counsel for an indigent defendant. *Id.* ¶ 10. At the second stage of the proceeding, the State files an answer to the petition or a motion to dismiss. *People v. Hodges*, 234 Ill. 2d 1, 10-11 (2009). When confronted with a motion to dismiss a postconviction petition, "the circuit court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act." *Coleman*, 183 Ill. 2d at 380. At this stage of the

4

proceedings the circuit court is not to engage in any fact finding. *Id.* at 380-81. All facts not rebutted by the record are accepted as true. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). Our supreme court "has consistently upheld the dismissal of a post-conviction petition when the allegations are contradicted by the record from the original trial proceedings." *Coleman*, 183 Ill. 2d at 382.

¶ 15    The Act only allows a defendant to file one postconviction petition without leave of court. 725 ILCS 5/122-1(f) (West 2014).  A court may only grant leave for a petitioner to file a successive petition when the petitioner shows cause and prejudice. *Id*.

¶ 16    "[A] prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; *** a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id*.

¶ 17    "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *Id.* § 122-3. The quantum of proof required to show cause and prejudice is greater than that required at the first stage of the proceedings. *People v. Smith*, 2014 IL 115946, ¶ 35.

¶ 18    "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *Id.* (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 463 (2002)).

¶ 19    We review an order denying leave to file a successive postconviction petition *de novo*. *People v. Bailey*, 2017 IL 121450, ¶ 13.

5

¶ 20    The defendant cannot avail himself of the Act because he was not in custody of the State of Illinois when he sought leave to file his successive postconviction petition. The Act provides that a "person imprisoned in the penitentiary may institute a proceeding under this Article." 725 ILCS 5/122-1(a) (West 2014). The requirement that a defendant be imprisoned in the penitentiary has been interpreted to include persons: on release pursuant to an appeal bond, on mandatory supervised release, on probation, and who filed while still in custody. *People v. West*, 145 Ill. 2d 517, 519 (1991). The defendant is none of those things. In fact, in his motion he claims to be in custody for purposes of the Act because he is serving a federal sentence that was enhanced by virtue of his underlying conviction. That is not considered imprisonment for the conviction which he challenged. *Id.* at 517-18; *People v. Thurman*, 334 Ill. App. 3d 286, 289-90 (2002) (defendant serving a federal sentence which was enhanced because of an Illinois conviction had no standing under the Act to challenge the Illinois conviction where the sentence for that conviction had already been served). The defendant is not imprisoned in any way which brings him under the purview of the Act.

¶ 21    Even if the defendant had standing, he cannot meet the cause and prejudice test. "[F]or more than 170 years, Illinois Supreme Court case law has held that charging instruments must identify the victim when the defendant is charged with an offense against a person." *Espinoza*, 2015 IL 118218, ¶ 33. There is no question regarding the sufficiency of the amended information to which the defendant pleaded guilty. It was deficient because it failed to name the victim. Had the defendant raised this issue prior to pleading guilty, a dismissal would have been required if the State did not amend the charging instrument. *Id.* ¶ 23. The defendant's challenge to the charging instrument in this case, however, was raised posttrial. "When an indictment or information is attacked for the first time posttrial, a defendant must show that he was prejudiced in the preparation

6

of his defense." *Id.* The defendant's argument fails because he made no attempt to show that he was prejudiced in preparing a defense. Nor could the defendant show prejudice when he was told multiple times and received written notice multiple times who the victim was. In fact, it was not until the final amendment of the information prior to the defendant pleading guilty that the error crept into the information. The defendant's reliance on *Espinoza* is misplaced. Because the record clearly demonstrates that the defendant knew the identity of the victim, he cannot show prejudice and therefore the trial court properly denied the defendant's motion for leave to file a postconviction petition.

¶ 22     Finally, pleading guilty is " 'a grave and solemn act.' " *People v. Evans*, 174 Ill. 2d 320, 326 (1996) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "It is not a 'temporary and meaningless formality ***.' " (Emphasis omitted.) *Id.* (quoting *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975)). "A guilty plea waives all nonjurisdictional defenses or defects." *People v. Horton*, 143 Ill. 2d 11, 22 (1991). This includes waiver of constitutional defects. *People v. Brown*, 41 Ill. 2d 503, 505 (1969). By pleading guilty, the defendant waived his right to challenge the propriety of the charging instrument.

¶ 23                              CONCLUSION

¶ 24     The defendant's motion for leave to file a successive postconviction petition was properly denied. The defendant lacks standing to seek relief under the Act because his liberty is in no way being constrained by the State of Illinois because of the conviction which he is challenging. Moreover, he has waived the issues raised in his motion by pleading guilty, and his claim fails as a matter of law because he did not attempt to show prejudice resulting from the improper charging instrument. Therefore, we grant OSAD's motion to withdraw and affirm the decision of the circuit court of Marion County.

¶ 25    Motion granted; judgment affirmed.