NOTICE
Decision filed 08/06/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240337-U

NO. 5-24-0337

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 22-CF-1433 |
| | ) | |
| KRISTOPHER D. CARSON, | ) | Honorable |
| | ) | Rodney S. Forbes, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The defendant's due process rights were not violated during the jury selection process. Furthermore, the circuit court did not err in allowing the State to add an additional count to the charges against the defendant, and the defendant cannot establish that he was denied a fair trial where he was acquitted of the added charge. Therefore, the judgment of the circuit court is affirmed.

¶ 2   Defendant, Kristopher D. Carson, was found guilty of aggravated domestic battery following a jury trial. He was sentenced to 60 days in the county jail and 18 months of probation. He now appeals, challenging the jury selection process and the State's filing of an additional charge against him. For the following reasons, we affirm.

¶ 3                               I. BACKGROUND

¶ 4   The defendant was originally charged on November 1, 2022, with one count of aggravated domestic battery based on great bodily harm and one misdemeanor count of domestic battery. On

1

December 6, 2023, the State filed a motion for leave to file an additional charge of aggravated domestic battery based on strangulation. The circuit court did not rule on the motion prior to trial, which was set to commence on December 12, 2023.

¶ 5    The State filed the additional charge on the day before trial. At trial, the circuit court allowed the new charge, over defense counsel's objection that it was untimely. The circuit court explained that the added count was the same charge and carried the same possible penalties as count I, also aggravated domestic battery, but under a different theory. The circuit court further noted that the State had previously provided defense counsel with police reports and other discovery that disclosed the strangulation theory as a possibility. The matter proceeded to jury selection. Defense counsel made no objections at any point during the jury selection process, and counsel had the opportunity to question potential jurors during *voir dire*.

¶ 6    Following trial, the jury found the defendant guilty of aggravated domestic battery based on great bodily harm, and not guilty of the added charge of aggravated domestic battery based on strangulation. Defense counsel filed a posttrial motion arguing that the circuit court erred in denying his motion for a directed verdict at the close of the State's evidence. The defendant's posttrial motion was denied. The circuit court sentenced the defendant to 18 months of probation and 60 days in the county jail, ordered him to undergo an evaluation for substance abuse and mental health treatment, and ordered him to have no contact with the victim. This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8    On appeal, the defendant raises two primary arguments. The first is that the circuit court violated his rights under the sixth amendment of the U.S. Constitution because the composition of the jury was not representative of his peers. The second is that the circuit court erred in allowing

2

the State to add a charge on the eve of trial, so that his attorney was not prepared to present a defense.

¶ 9                                    A. Appellant's Brief

¶ 10    We initially note that the defendant's brief on appeal fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the form and content of appellant briefs. The rule requires that the brief contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" and an argument section "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7).

¶ 11    The defendant's brief does not contain any citations to the record. While he does include a few citations to caselaw and references the sixth amendment to the U.S. Constitution, only one of his cases comes from this court, and he does not explain how his cited authority supports his arguments. A reviewing court "is not a depository in which the burden of argument and research may be dumped." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. Our supreme court rules "are not advisory suggestions, but rules to be followed." *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. We recognize that the defendant is proceeding *pro se*. However, that does not relieve him of the burden of complying with the court's rules. *Id.* When an appellant's brief does not follow those rules, we have the inherent authority to dismiss the appeal. *Id.* However, we will proceed with addressing the merits of his appeal.

¶ 12                                    B. Jury Composition

¶ 13    The defendant argues that he was denied a trial by a jury of his peers, stating that "[t]he jury selection process should have been more diverse, out of the 36 candidates, only 2 was similar

3

ethnic background which 1 was never called so being found guilty was inevitable with the juror selection." He further speculates that his trial would have had "a more fair outcome" had there been a "more diverse jury." The defense did not file a pretrial motion challenging the composition of the venire, did not make any objections during the jury selection process, and did not raise this issue in a posttrial motion.

¶ 14    While he cites to *Batson v. Kentucky*, 476 U.S. 79 (1986), in support of his contentions, the defendant does not raise a *Batson* claim—he makes no mention of the State's striking of any potential juror for any reason, and does not allege any acts of discriminatory jury selection. Instead, he seemingly argues that the pool of potential jurors did not include enough individuals of the defendant's racial or ethnic background in order for the resulting jury panel to reflect a fair cross-section of the community. See *People v. Bradley*, 348 Ill. App. 3d 677, 680 (2004) ("the constitution promises that everyone's jury will be drawn from a fair cross-section of the community and that members of a distinctive group in the community will not be systematically excluded from jury service").

¶ 15    If the defendant wished to raise a challenge to the jury selection process, the proper way to do so would have been to file a motion to discharge the jury panel prior to *voir dire*. See 725 ILCS 5/114-3(a) (West 2022) ("Any objection to the manner in which a jury panel has been selected or drawn shall be raised by a motion to discharge the jury panel prior to the *voir dire* examination. For good cause shown the court may entertain the motion after the *voir dire* has begun but such motion shall not be heard after a jury has been sworn to hear the cause."). His attempt to make such objection on appeal is therefore untimely.

4

¶ 16    Furthermore, even if he had properly preserved this issue, he has failed to allege any facts supporting a *prima facie* violation of the fair-cross-section requirement. As our supreme court has explained, a defendant seeking to establish such a violation must show:

> "(1) the group alleged to be excluded is a 'distinctive' group in the community, (2) the group's representation in the venire is not fair and reasonable in comparison to the group's representation in the community, and (3) the under-representation is due to systematic exclusion in the jury selection process." *People v. Simms*, 168 Ill. 2d 176, 189-90 (1995).

Here, the defendant only offers mere speculation that a jury panel with a different racial or ethnic composition would have resulted in a different outcome at trial. Therefore, we find that the defendant failed to establish that his due process rights were violated during the jury selection process.

¶ 17                                C. Added Charge

¶ 18    The defendant next argues that he was denied a fair trial because the circuit court allowed the State to add the charge of aggravated domestic battery by strangulation immediately before trial. He states that the added charge "left us unprepared and also gives the prosecution more leverage in the case" because the jury now had to deliberate over two counts instead of one. The defendant further alleges that the State withheld discovery in connection with this issue. However, he does not identify any discovery material that was withheld, and the record shows that the defense was timely provided with the materials upon which the State's strangulation theory was based.

¶ 19    In addition to noting that the State had already provided defense counsel with police reports and other discovery that disclosed the strangulation theory as a possibility, the circuit court, in granting the State's request to add the additional count, explained that the new count was the same charge of aggravated domestic battery, but under a different theory. While defense counsel objected to the addition of this charge, she did so only on the grounds that it was untimely, not that

5

she was unprepared to present a defense to the charge. The circuit court asked defense counsel, "How does it impede your ability to go forward with the trial today?" She responded, "We can go forward with the trial today, but we believe this is—that this is untimely."

¶ 20    Furthermore, the jury acquitted the defendant of this new charge. The defendant has not alleged any facts or cited to any authority establishing that he was prejudiced by the court allowing the State to include the strangulation theory on the eve of trial. See *People v. Espinoza*, 2015 IL 118218, ¶ 23 ("When an indictment or information is attacked for the first time posttrial, a defendant must show that he was prejudiced in the preparation of his defense."). Therefore, we find that the defendant's challenge to the additional charge lacks merit.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated herein, we find that the defendant failed to establish that his due process rights were violated during the jury selection process. We further find no error in allowing the State to add a count to the charging instrument. The judgment of the circuit court is affirmed.

¶ 23    Affirmed.